## GATES vs. DAVENPORT.

Where one contracts to serve another, for a specific time, he may leave his employer before the expiration of the time agreed upon, if sufficient cause exists to justify such leaving; and he will be permitted to recover for the time he actually served, and in some cases beyond that.

Where there is a provision in the contract that the employee may leave in case of a disagreement, the fact of a *bona fide* disagreement is all that is necessary to entitle either party to put an end to the contract.

Where one contracts with an infant to pay him for personal services, he is not at liberty, after the services have been rendered, and after the infant has become of age, to refuse to pay him, because he was, at the time of contracting, an infant without a guardian; when it appears there was no one entitled to receive his wages.

APPEAL from a judgment of the Steuben county court, affirming a judgment of a justice of the peace. The action before the justice was brought by Gates against Davenport. The complaint was upon an account for work and labor done by one Ryerson Clark for the defendant, which account was assigned by Clark to the plaintiff. The evidence on the trial showed that Clark was under twenty-one years of age when the services were performed. The remaining facts are sufficiently stated in the opinion of the court. The plaintiff recovered judgment before the justice for $30.34 damages and costs, which was affirmed by the county court.

*Hakes & Wetmore*, for the appellants.

*Bemis & Stevens*, for the respondent.

*By the Court*, WELLES, J. The judgment of the county court should be affirmed. When the account was assigned by Ryerson Clark to the plaintiff, the former was over twenty-one years old. Whatever claim he had against the defendant, therefore, he had a right to assign.

As to his right, after he became of age and before the assignment, to maintain an action upon the claim, I think the evidence would justify the justice in finding that during

the time he worked for the defendant he had no father living. There is no evidence showing that he had one. He swore that during that time his mother was living with her second husband, whose name was William Baker. If that second husband was his step-father, neither such step-father nor his mother was entitled to his services, or bound to maintain or provide for him. There was no one, therefore, but the infant (before the assignment,) or his assignee afterwards, to bring the action. The defendant contracted with him while an infant to pay him for his services, and is not at liberty, after the services have been rendered, to object to paying him because he was an infant without a guardian, when it appears there was no one else entitled to receive his wages.

It was a fair question for the justice, upon the evidence, to decide whether, by the contract, Clark was to be at liberty to terminate the service before the expiration of eight months, and whether he did so for sufficient cause. There was evidence tending to show that by the agreement he was not bound to remain in the defendant's employment any longer than they could agree. Both Clark and the plaintiff testified that the former told the defendant, at the time they were making the contract, and in the same conversation which constituted all the agreement that was proved, that he would not hire for any certain time, or any longer time than they could agree.

It also appears that shortly before Clark left the defendant some unpleasant words arose between them, which was the occasion of the former leaving.

Where one contracts to serve another for a specific time, a compliance with the agreement is generally a condition precedent to the right to recover for the service. But in such case the servant may leave his employer before the expiration of the time agreed upon, if sufficient cause exists to justify such leaving, and will be permitted to recover for the time he actually served the other, and in some cases beyond that. Where, however, there is a provision in the contract for the

employee leaving in case of disagreement, the fact of a *bona fide* disagreement is all that is necessary to entitle either party to put an end to the contract.

On this question the justice has decided, upon the evidence, or we must now intend that he has so decided, that there was a disagreement, such as, under the contract between Clark and the defendant, would justify the former in leaving the service of the latter.

These views cover all the questions raised by the notice of appeal which we are at liberty to consider.

The judgment of the county court is affirmed.

[MONROE GENERAL TERM, March 7, 1859. *Welles, Smith* and *Johnson,* Justices.]