Suttie v. Aloe.

WILLIAM J. SUTTIE, Respondent, v. ALBERT S. ALOE, Appellant.

St. Louis Court of Appeals, January 21, 1890.

1. **Master and Servant:** MATERIALITY OF EVIDENCE. When the discharge of a servant is justified on the ground of his having insulted customers, and evidence is produced tending to show insults by him to certain customers, evidence of proper demeanor on his part towards others is immaterial, either as evidence in chief or in rebuttal. ·

2. **Misappropriation as Ground for Discharge.** When a servant, without his master's authority or consent, takes and appropriates to his own use goods and money of the master, the fact that he charges himself therewith on the master's books does not take away the master's right to discharge him.

3. **Practice, Appellate :** PRESUMPTION THAT ERROR IS PREJUDICIAL. Error is presumed to have been prejudicial, unless it is affirmatively shown to have been harmless.

4. **Instructions:** NOT PREJUDICIAL. The fact that the use of the word "plaintiff" instead of "defendant" renders an instruction unintelligible, as it reads, is no ground for reversal, when the use thereof is an obvious mistake, and the instruction, taken in connection with others given on the same subject, could not have misled the jury.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*M. B. Jonas* and *Chester H. Krum*, for the appellant.

(1) The instances of politeness on the part of the respondent were purely collateral, and were admitted in plain violation of the fundamental and primary rule that evidence, to be admissible, must be relevant to the issues in controversy. *Collins v. Dorchester*, 6 Cush. 396 ; *Carter v. Pryke*, Peake's Rep. 130 ; *Bank v. Bank*, 60 N. Y. 279 ; *Maguire v. Railroad*, 115 Mass. 240 ; *Coale v. Railroad*, 60 Mo. 232 ; *Lester v. Railroad*, 60 Mo. 265 ; *Blair v. Pelham*, 118 Mass. 420 ; *Anglesey v. Hatherton*, 10 M. & W. 235. The first instruction given by the court below of its own motion, ought to have been refused, and the case should be reversed and remanded because it was given. (2) The instruction is wholly unintelligible. *Greer v. Railroad*, 80 Mo. 555. (3) It is also erroneous as a matter of law.

*Chas. F. Joy* and *A. A. Paxson*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action to recover damages for the breach of a contract of employment. The contract, and its termination by the defendant, are admitted by the pleadings, and the only matter contested upon the trial was whether the plaintiff was discharged by the defendant for, or without, sufficient cause. The jury, under the instructions of the court, found that the discharge was wrongful, and awarded to the plaintiff damages, which were warranted by the evidence. The defendant appealing assigns for error the court's action in admitting evidence in rebuttal, to which the defendant at the time objected as immaterial, and as not being in rebuttal, and the action of the court in giving erroneous instructions to the jury.

The defendant was a dealer in optical instruments. By the terms of the contract, the plaintiff undertook to

give his entire service for the benefit of defendant's business in the optical department, and to do everything in his power for the welfare of said business. The answer, in justification of the discharge, states that the plaintiff violated his contract by taking, at various times, lenses from the defendant's stock of goods, and converting them to his own use, and by continually insulting customers, who called to trade, and thus driving them from the store of the defendant. Other grounds for the discharge are alleged, but these are the only two, upon which any points of law arise upon this record.

It appeared in evidence that, while the plaintiff was engaged by the defendant, he selected and appropriated to his own use a considerable number of selected lenses, for the purposes of making a standard case of his own. The plaintiff, in explanation, stated that he did this for the ultimate benefit of the business, and that he charged himself with the lenses, thus taken, upon the defendant's books; these facts however were controverted by the defendant. It further appeared that, in some instances, he was discourteous to customers, and that one customer at least refused to continue to trade with defendant on that account. The plaintiff first gave evidence in chief of a faithful compliance on his part with the terms of his employment, and, upon the defendant giving evidence as hereinabove stated, plaintiff called a number of witnesses, former customers of the defendant, whose testimony tended to show that he, the plaintiff, treated them courteously, while he was in the defendant's employ. This evidence was objected to by the defendant, both on the ground that it was immaterial and that it was not evidence in rebuttal; but it was admitted by the court over the defendant's objection, and its admission constitutes the first error assigned.

The plaintiff justifies the admission of this evidence, on the ground that one of the charges in the answer was that "the plaintiff continually insulted customers;"

but we cannot see how that aids the matter. The defendant's charge does not imply that the insult to customers was a continuous one during the entire term of the employment, so as to justify the plaintiff to show by evidence a break or breaks in its continuity ; nor can we see on what principle proof of the fact, that the plaintiff treated some or many of the customers courteously, tends to disprove the fact that he treated other customers otherwise.   While the general conduct of the plaintiff towards customers was proper evidence in chief, as tending to show a faithful performance of his duties, the fact that he treated certain customers with courtesy and attention is not proper evidence in chief, nor was it proper evidence in rebuttal, unless the treatment had reference to customers who complained of his discourteous conduct.

The court, upon defendant's motion, gave the following instructions :

"If the jury find and believe from all the evidence that the plaintiff took and appropriated to his own use property, either money or goods, of the defendant, as elsewhere indicated, then it is immaterial for the purposes of this case whether such property was of little or great value, provided it was of some value."

" The court instructs the jury that if they find and believe from the evidence that between the first day of January, 1888, and the thirtieth day of July, 1888, without the consent of the defendant, the plaintiff took and appropriated to his own use property, either money or goods, which belonged to the defendant, then the defendant was justified in discharging plaintiff, and the jury will find for the defendant."

And upon its own motion gave the following instruction :

" The court instructs the jury that before they can find a verdict for the defendant on the ground that the plaintiff took and appropriated to his own use property

of the plaintiff, they must be satisfied that from all the evidence given in this case that plaintiff, between the first day of January, 1888, and the thirtieth day of July, 1888, took property, either money or goods, belonging to the plaintiff without his knowledge or consent, and appropriated it to his, defendant's, own use and without paying plaintiff for it, or charging himself with it on plaintiff's books, or reporting it to plaintiff's book-keeper or cashier to be charged to him."

The defendant complains that the instruction given by the court of its own motion was wholly unintelligible, and, even if corrected by transposing the words "plaintiff" and "defendant," still states an erroneous proposition of law. That the instruction, as it reads, is wholly unintelligible may readily be conceded, yet the errors in it, as far as they relate to the mere transposition of words, are such as correct themselves. In view of the second instruction given on behalf of the defendant, it is not conceivable how an intelligent jury could possibly be misled by a transposition of words, which escaped even the attention of counsel upon the trial. But we must conclude that the instruction is erroneous for another reason. It tells the jury in substance, that the defendant was not authorized to discharge the plaintiff, even though he took the defendant's money or goods without the defendant's knowledge or consent, provided the plaintiff charged himself with it on the defendant's books, or reported the fact to the defendant's bookkeeper or cashier. There was some evidence in the case that the plaintiff had taken both money and goods of the defendant, and appropriated them to his own use. There was no evidence that he was authorized to take any money, even by charging himself with it, and, although there was evidence that he might take goods, provided he made a proper report of the fact, it was for the jury to find, and not for the court to say, whether such report and charge was under all circumstances an exoneration. It was, at best, a fact from

which consent might be implied, and not a fact dispensing with consent.

We must conclude, therefore, that the court erred both in admitting the testimony complained of in rebuttal, and in giving the instruction above referred to on its own motion. The only remaining inquiry is whether these errors were prejudicial to the defendant, and necessitate a reversal of the judgment. There is no satisfactory definition of prejudicial error in any of the decisions of this state. After mature deliberation we have concluded, and announced it as the rule of this court, that error is presumed to have been prejudicial, and it is incumbent upon him who claims that it was not to show that it was harmless. *Clark v. Fairley*, 30 Mo. App. 340. We concede that, if the defendant had given no evidence justifying the discharge of plaintiff, the errors complained of would have been harmless, but, as the defendant had given substantial evidence on that subject entitling him to go to the jury on that issue, the admission of irrelevant evidence in opposition, and the misdirection of the jury as to the effect of the evidence, are errors of which he can justly complain.

With the concurrence of all the judges, the judgment is reversed and the cause remanded.