GEORGE BINDBEUTAL, Respondent, v. STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 2, 1891.

1. **Appellate Practice:** ERROR PRESUMED PREJUDICIAL: STATUTE. When error is shown in the record, the law supplies and attaches the consequence of prejudice and the judgment would be necessarily reversed, unless the party claiming the benefit of the judgment shows from the record that which clearly rebuts the presumption of prejudice. The statute does not encroach upon this presumption, but rather supplements the rule with a practical definition, that the error must affect materially the merits.

Bindbeutal v. Street Ry. Co.

2. **Instruction**: NEGLIGENCE : WILFULNESS. In an action for a personal injury resulting from a collision of a cable car and plaintiff's wagon, an instruction which told the jury that "if the gripman *intentionally* and *carelessly* ran the defendant's car against the plaintiff's wagon, that this was negligence" is condemned, as "intentionally" and "carelessly" express different and inconsistent views of the same matter.

3. **Definitions**: CARELESSNESS : NEGLIGENCE : WILFULLY : INTENTIONALLY. Carelessness and negligence in law are synonyms, and so, too, are wilfully and intentionally, but carelessness and wilfulness are not equivalents, the one of the other, in any legal sense; they are repugnant and inconsistent in their signification and meaning.

4. ———— : ———— : PREJUDICIAL ERROR. The error contained in said instruction is *held* to be prejudicial, and the more so, when taken in connection with another instruction, which told the jury if they found that the injuries sustained were wilfully and intentionally inflicted, then they should allow plaintiff punitory damages; as also, when taken in connection with a further instruction to the effect that if the injury was "intentional," then the defense of contributory negligence could not avail defendant.

5. **Street Railways**: RIGHT TO STREET : CONTRIBUTORY NEGLIGENCE. While under the ordinances of Kansas City, street cars are entitled to the right of way over the track in preference to other vehicles, yet an instruction declaring that the plaintiff was not guilty of negligence in being on the defendant's track, unless he knew, or could have known, that the defendant's car was going to pass along the track where he was, and that he exercised ordinary care to get out of the way. and that if he was exercising ordinary care in trying to get out of the way when the injury occurred, he was not guilty of contributory negligence, is not error and is not inconsistent with other instructions directing the jury that plaintiff's merely being on the defendant's track was not itself negligence ; but if he was there when he knew or could have known, by the exercise of ordinary care, that defendant's car was about to pass, and did not exercise ordinary care in getting off the track and out of the way, he was guilty of negligence.

6. **Negligence**: CONTRIBUTORY NEGLIGENCE : INSTRUCTIONS : VERDICT. Instructions, summarized in the opinion, in relation to the care required of defendant after discovery of plaintiff's peril, are approved, as also are instructions as to form of verdict.

7. **Trial Practice**: INSTRUCTIONS : DUTY OF COURT. It is not the duty of the court under our practice in civil cases, to give instructions unasked on every conceivable aspect of a case.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Pratt, McCrary, Ferry & Hagerman,* for appellant.

(1) The true rule of appellate courts is : Whenever error intervenes a presumption of prejudice arises, and, unless the record shows, beyond a doubt, that no prejudice resulted, there must be a reversal. *Clark v. Fairley,* 30 Mo. App. 335 ; *Deery v. Cray,* 5 Wall. 807 ; *Smiths v. Shoemaker,* 17 Wall. 630, 639 ; *Railroad v. O'Brien,* 119 U. S. 99, 103 ; *Gilmer v. Higley,* 110 U. S. 47, 50 ; *Potter v. Railroad,* 46 Ia. 399 ; *Stafford v. Oskaloosa,* 57 Ia. 748, 750 ; *Reynolds v. City of Keokuk,* 34 N. W. Rep. (Ia.) 167 ; *Gillett v. Corum,* 5 Kan. 608, 614 ; *Hall v. Jenness,* 6 Kan. 356, 364 ; Thompson on Charging the Jury, sec. 130 ; *State v. Sims,* 68 Mo. 305 ; *McDonald v. Sims,* 82 Mo. 538 ; *Suttie v. Aloe,* 39 Mo. App. 38 ; *Duke v. Railroad,* 99 Mo. 347. (2) The court erred in giving plaintiff's fourth instruction. *First.* Because in such instruction it is said that, if the gripman's act was intentional, there was negligence. *Hays v. Railroad,* 8 S. W. Rep. (Texas) 491. *Second.* The instruction expressed different and inconsistent ideas within the rule laid down in *Wood v. Steamboat,* 19 Mo. 529. *Third.* The instruction was clearly misleading and prejudicial when viewed with the other instructions as demonstrated in the argument. (3) Plaintiff's seventh instruction was erroneous. *First.* It was in direct conflict with instruction 8 given for plaintiff, and 8 given for defendant. *Second.* It is reversible error to give conflicting instructions because it is impossible to tell which the jury followed. Thompson on Charging the Jury, 97, sec. 69 ; *Frederick v. Allgaier,* 88 Mo. 598, 603 ; *State v. McNally,* 87 Mo. 644, 658 ;

*State v. Simmons*, 68 Mo. 305, 309, 310; *Simmons v. Corrier*, 60 Mo. 581, 585; *Henschen v. O'Bannon*, 56 Mo. 289, 292; *Goltz v. Railroad*, 50 Mo. 472, 474; *Thomas v. Babb*, 47 Mo. 384, 388.. *Third.* The first paragraph of the instruction is misleading in saying, as a matter of law, there was no negligence on plaintiff's part in being on the track. *Adolph v. Railroad*, 76 N. Y. 530. *Fourth.* The second paragraph of the instruction limits the necessity of plaintiff exercising ordinary care to a time after it appeared that the car was likely to run against the wagon. *Corn v. Temple*, 14 Gray, 69, 77, 78, 79; *Adolph v. Railroad*, 76 N. Y. 530, 533, 535, 538; *Railroad v. Isley*, 10 Atl. Rep. (N. J.) 665. (4) Instruction 8 given for plaintiff conflicts with number 8 given at the request of defendant. (5) Instruction 9 was erroneous in submitting a form if the verdict was for plaintiff, and in not giving a form if the verdict was for defendant. *Williams v. State*, 7 S. W. Rep. 333; *Railroad v. Austin*, 69 Ill. 426, 428.

*Warner, Dean & Hagerman,* for respondent.

(1) This case cannot be reversed unless prejudicial error is shown. *Valley v. Picton*, 91 Mo. 207, *et seq.* 215; *Riney v. Vanlandingham*, 9 Mo. 823; *Gordon v. Eans*, 97 Mo. 587; *Cooksey v. Crooks*, 23 Mo. App. 463-466. The cases cited from the supreme court of the United States by appellant's counsel have no application in the appellate courts of Missouri. There is no federal statute of the same import as the Missouri statute above referred to. 2 Thompson on Trials, secs. 2401, 2403, 2407, 2408; *Reilly v. Railroad*, 94 Mo. 601; *Brink v. Railroad*, 17 Mo. App. 177; *Railroad v. Ingraham*, 77 Ill. 309; *Moore v. Sanborn*, 42 Mo. 490; *Karle v. Railroad*, 55 Mo. 476; *Edwards v. Cary*, 60 Mo. 572; *Ins. Co. v. Buchanan*, 100 Ind. 74; *Stout v. State*, 96 Ind. 407; *Goodin v. State*, 96 Ind. 550; *McCarty v. Waterman*, 96 Ind. 594; *Lytton v. Baird*, 95 Ind. 349;

*Garhn v. State,* 94 Ind. 219; *Railroad v. Harrington,* 94 Ind. 245; *Young v. Clegg,* 93 Ind. 371; *Tel. Co. v. Young,* 93 Ind. 118; *Railroad v. Wright,* 17 N. E. Rep. ( Ind.) 584; *Kopelke v. Kopelke,* 13 N. E. Rep. (Ind.) 695. (2) The fourth instruction given for plaintiff was not erroneous and could have worked no prejudice to defendant. It is well settled that the term negligence, in its legal signification, embraces acts of commission as well as of omission. *Bridge Ass'n v. Loomis,* 20 Ill. 235; *Grant v. Moseley,* 29 Ala. 302; *Jamison v. Railroad,* 3 Am. & Eng. R. R. Cases ( Cal.) 350; *Railroad v. Jones,* 95 U. S. 439; *Railroad v. Coleman,* 28 Mich. 449; *Nolan v. Railroad,* 25 Am. & Eng. R. R. Cases (Conn.) 342; *Washington v. Railroad,* 10 Am. & Eng. R. R. Cases ( W. Va.) 749. (3) Instruction, numbered 7, given for plaintiff is not erroneous. *Carrington v. P. M. S. S. Co.,* 1 Cal. 475; *Kendall v. Brown,* 86 Ill. 387; *Skiler v. Carruthers,* 88 Ill. 458. When instructions, taken together, state the law correctly, it is proper to give them, although they are objectionable when taken separately. *Edwards v. Cary,* 60 Mo. 572; *Vosburgh v. Teator,* 32 N. Y. 561; *Lawder v. Henderson,* 14 Kan. 164; *Liddy v. Railroad,* 40 Mo. 506, 519; *Armes v. Railroad,* 91 U. S. 489. (4) Instruction 8 for plaintiff and instruction 8 for defendant are not conflicting. *Holmes v. Braidwood,* 82 Mo. 610; *Werner v. Railroad,* 81 Mo. 368; *Bell v. Railroad,* 86 Mo. 599; *Isabel v. Railroad,* 60 Mo. 475; *Yarnall v. Railroad,* 75 Mo. 577. (5) It was not error to fail to give form of verdict for defendant when not asked for. *Express Co. v. Kountze Bros.,* 8 Wall. 342; *Bain v. Doran,* 54 Pa. St. 124; *Carver v. Carver,* 53 Mo. 283; *Bollinger v. Carrier,* 79 Mo. 318; *Bank v. Allen,* 68 Mo. 472. (6) Before concluding our brief, we call the special attention of the court to two cases recently decided by the supreme court of this state. *Pope v. Railroad,* 99 Mo. 400–407; *Winters v. Railroad,* 99 Mo. 509–522.

SMITH, P. J.—Plaintiff brought this action for alleged personal injuries, claiming that, while driving on the defendant's track, a cable car collided with his wagon throwing him therefrom and injuring him. The petition was in two counts, the first claiming that the act of defendant was wilful, while the second count was founded upon negligence. All the evidence has not been preserved in full, but the bill of exceptions shows what its tendency was. The verdict of the jury was silent as to the first count, but found for the plaintiff on the second count and assessed his damages at $1,000. The defendant has appealed from the judgment.

I.   The questions presented by the record before us arise out of the action of the trial court in the giving and refusing of instructions. A preliminary matter however has been presented which we will dispose of before proceeding to examine the instructions.

It has been argued by the counsel for the defendant that, when the record of a cause disclosed an erroneous ruling of the trial court that then the presumption arises that such error was prejudicial to the rights of the party against whom committed and that such presumption continues unless the record shows beyond a doubt that it was not prejudicial; or, to state the contention in a different way, that when the revisory court discovers in the record that an error has been committed that this *per se* enjoins upon it the duty to reverse the judgment, unless it further appears that such error did not operate prejudicially. The rule, thus stated in defendant's contention, seems quite reasonable and unless in some way it is affected by the statute we should be inclined to approve it. The statute just referred to, Revised Statutes, section 2303, provides that the appellate courts of this state shall not reverse the judgment of any court unless it shall believe that error was committed by such court against the appellant, or plaintiff in error, materially affecting the results.

Under this mandatory prohibition the appellate courts cannot reverse a judgment in any case unless it is believed, not only that error was committed, but that it materially affected the merits of the action; unless these two essential conditions are believed to coexist there can be no reversal. The existence of non-prejudicial error in a case affords no ground for disturbing the judgment. There must be inseparably connected with it the element of prejudice, else the case falls within the terms of the statutory prohibition. Errors discovered go for naught unless coupled with prejudice. Errors are, therefore, of two kinds, reversible and irreversible, or prejudicial and non-prejudicial. Reversible when accompanied by its twin sister, prejudice, and irreversible when found existing alone. Error and prejudice go hand in hand, until the latter, which is the creature of presumption, is met and neutralized by something in the record. It follows, therefore, that the interference of the appellate court with the judgment of the lower court can be successfully invoked by showing an error in the record; for when the error is shown the law supplies and attaches the consequence of prejudice. The judgment in such case would be necessarily reversed, unless the defendant shows from the record that which clearly rebuts the presumption of prejudice.

We cannot discover that the statute is repugnant to, or encroaches on, this rule of presumption; on the contrary, we are inclined to think that it supplements the rule with a practical definition of what shall constitute prejudicial error. As we understand it, when error intervenes, the prejudice presumed is of the kind mentioned in the statute, that is, it must affect materially the merits. In all the cases cited by the plaintiff, it will be observed that the judgment was not reversed on account of the error complained of, but because of something contained in the record, by which it was made to appear that the complainant was not substantially injured or harmed. They decide nothing at variance

with what is here held. The adjudged cases abound in the use of such terms as "reversible error," "harmful error" and "prejudicial error," and the like, but we think that the meaning of them all is that, when error intervenes, it is presumed to be reversible, harmful and prejudicial, and authorizes a reversal, unless the party claiming the benefit of the judgment can show that in the record which rebuts the presumption.

The St. Louis Court of Appeals has thrice decided that error is presumed to be prejudicial. To justify an appellate court to affirm a judgment, when error has intervened in the trial, the burden is upon the party claiming the benefit of the judgment to satisfy the appellate court that the error is not prejudicial. *Suttie v. Aloe,* 39 Mo. App. 38 ; *Clark v. Fairley,* 30 Mo. App. 335 ; *Walton v. Railroad,* 40 Mo. App. 544. And we can see no valid reason why the rule just stated is not correct, nor why it should not be followed.

II.   The defendant assails the judgment on the ground that the court erred in giving the fourth instruction for the plaintiff, which told the jury, "if the gripman *intentionally* and *carelessly* ran the defendant's car against the plaintiff's wagon, that this was negligence." This instruction, in effect, told the jury that wilfully and intentionally were convertible terms, and that maliciously meant intentionally and wrongfully, etc. The terms "carelessness" and "negligence," in the law, are synonyms. Redf. & Shear. Neg., sec. 2. And so, too, are the terms "wilfully" and "intentionally." 1 Bouvier's Law Dict. 817. The instructions complained of declared that "intention" is a legal ingredient of negligence. In Shearman and Redfield on Negligence [ 4 Ed.] section 5, it is said that, "negligence consists in, *first,* a legal duty to use due care ; *second,* a breach of that duty ; and, *third,* the absence of distinct intention to produce the precise damage, if any, which actually follows." In the same work, section 7, it is said,

"if the complaint sets up a case of wilful injury it cannot be sustained by evidence of mere negligence, however gross ; while, on the other hand, if it charges negligence only, the plaintiff cannot put in evidence facts the only relevancy of which consists in proving intentional injury, such as would sustain an entirely different action." The books on negligence are generally agreed that "intent" is not included in the essentials of negligence. Wharton, Neg., sec. 11; Deering, Neg., sec. 2; Shear. & Redf. Neg., sec. 2. It is too clear for argument that the two terms "carelessness" and "wilfulness" are not equivalents, the one of the other, in any legal sense ; they are repugnant and inconsistent in their signification and meaning. There is a manifest distinction between cases which count upon negligence as a ground for action, and those which are founded upon acts of aggressive wrong or wilfulness. An instruction is not to be tolerated which proceeds upon the idea that it may be good either for wilful injury or for negligence. It is inaccurate to use the words "wilful" and "negligent" in conjunction. To say that an injury resulted from negligent and wilful conduct of another is to affirm that the same act is the result of two exactly opposite mental conditions. It is to affirm in one breath that an act was done through inattention—thoughtlessly—heedlessly, and at the same time purposely and by design. *Gregory v. Railroad*, 14 N. E. Rep. 228 ; *Railroad v. Bryan*, 107 Ind. 51 ; *Railroad v. Denton*, 20 N. E. Rep. 147 ; Whart. on Neg., sec. 11. The allegation of negligence is not sustained by proof of wilful injury. *Railroad v. Burdge*, 94 Ind. 46 ; *Railroad v. Smith*, 98 Ind. 42 ; Shear. & Redf. on Neg., sec. 7.

*Elliott v. Block*, 45 Mo. 371, was an action, in which was mingled in the petition an action for rent and one for injuries to a mill, resulting from *wilful negligence*. In the opinion the court say that an instruction which directed the jury that, unless they believed that the

plaintiff's mill was injured by the "*wilful negligence*" of the defendant, or some one in his employ, they should find for the defendant, on that branch of the case was clearly erroneous, misleading and indefensible. It was further said that on the simple issue of negligence the jury should not have been required, as a condition to plaintiff's recovery, to find that the acts or omissions complained of were in any sense wilful. In *Wood v. Steamboat*, 19 Mo. 529, where in an instruction was a vice similar to the one in this instruction, the court say : " It needs but to be carefully read to see its repugnancy, the two clauses expressing different and inconsistent views of the same matter. This instruction should not have been given. Its tendency was anything else than to instruct or assist the jury in forming a proper conclusion in the premises."

Applying these tests to the instruction under consideration, and the conclusion is irresistible that it was improper.

III.    But, though the giving of this instruction was error, is it reversible error? Is the error such as materially affected the merits of the action? Under the rule referred to in the preceding paragraph of this opinion, the burden of showing that the error is not prejudicial, that is, that it does not materially affect the merits, rests upon the plaintiff. We have found error which we must presume was prejudicial in the statutory sense, and, unless the plaintiff can show by the record that there is that which overcomes and destroys this presumption, we must reverse the judgment. It is suggested by the plaintiff, that as the verdict was for the defendant, on the first count of the petition, that the defendant was not prejudiced by the instruction. But the answer to this is that, in the first instruction given for plaintiff, the jury were told that "wilfully" and "intentionally" were convertible terms, and that "maliciously" meant intentionally and wrongfully, etc., while in the plaintiff's second instruction they

were further told that, if they found that the injuries sustained by him were wilfully and maliciously inflicted, then they could allow him such punitory damages as to them seemed proper. Seeing that there is no evidence preserved in the record of the nature and extent of the plaintiff's injuries, how can we tell whether or not the jury did not allow punitory damages? *Duke v. Railroad*, 99 Mo. 347. How can we tell that the jury limited their finding of damages to those which were compensatory only? If this is so, it cannot be shown on account of anything appearing in the record. Again, this instruction, in effect, told the jury that if the gripman *intentionally* ran the car on the plaintiff's wagon, that was *negligence;* thus giving the term, intentionally, the signification of the want of care, caution, diligence, attention or discretion, etc. This, of course, cannot be countenanced.

Again, the jury were told by the plaintiff's fifth instruction that, if they believed the injury was "intentional," then the defense of contributory negligence could not avail defendant. Now the record informs us that there was evidence adduced by the defendant, tending to prove the plaintiff was guilty of negligence which contributed directly to his injury. How can we tell whether or not this instruction did not influence the action of the jury in rejecting this defense of the defendant. In an argument along this line, it was capable of being used greatly to the defendant's injury. It was well calculated to mislead the jury into disregarding the defense of contributory negligence. By the plaintiff's fifth instruction the jury were told that, if the injury inflicted was intentional there was no contributory negligence; and, by his fourth, the jury were further told that, if the act was intentional, it was negligent. This amounted to telling the jury that, if the injury inflicted was negligent, then there could be no contributory negligence. Notwithstanding it is conceded there was evidence of contributory negligence,

this instruction may have had the effect to exclude it as a defense from the consideration of the jury. And the defendant may well argue that, though the jury found only on the count for negligence, it may have thought itself directed to ignore the defense of contributory negligence. This instruction, with its patent inconsistency and contradictions, was better calculated to confuse and mislead the jury than to enlighten its understanding of the duty it was called upon to perform. There was darkness when there should have been light. Under such an instruction, when taken by itself or in connection with the others of the series, a verdict was likely to be little less than guess-work. *Frederick v. Allgaier*, 88 Mo. 598.

Nothing in the record has been pointed out to us by the plaintiff, which tends to convince our minds that the giving of this instruction, which is capable of producing such mischievous consequences, was not error materially affecting the merits. We cannot say that this error has not resulted prejudicially to the defendant. The plaintiff does not show that in the record, which repels the presumption of prejudice affecting the merits of the action.

IV.   We cannot discover that the plaintiff's seventh instruction was erroneous. By the ordinances of the city, section 5, chapter 38, revised ordinances of the City of Kansas, all the street railroads shall at all times be entitled to the track ; and the driver of every vehicle upon the track, or by the side thereof, shall turn such vehicle out when any car comes up, so as to leave the track unobstructed for the passage of such street car. The right of the public to the use of that part of any street over which the track of any street railway is laid is subordinate to that of the railway, only to the extent especially provided in said ordinance. Some such ordinance was, no doubt, found necessary to insure the safe, orderly and expeditious movement of cars of

this description.    Where a city like that of the City of
Kansas occupies a territorial area several miles in
extent, its checker work of street railways constitutes
the arteries and veins through which circulates the very
essence of its existence.    These railway conveniences
economize time and annihilate distance.  The conditions
in respect to urban residence and business could not be
maintained without the help of these agencies.    An
efficient street railway service is the foundation on which
the growth and development of the city rests.    It is one
of the absolute and indispensable needs of its popula-
tion.    To meet this need the service must furnish cars
moving rapidly and in quick succession both ways.    If
unobstructed tracks cannot be had at all times this
would be impossible.    It will not, therefore, do to say
that the rights of the railway and the drivers of vehicles
on the track of the former are equal in every particular.
If impeding vehicles were not required, as a duty, to
turn out of the way of the moving cars, the operation of
street railways, so as to meet the needs of the public,
would be out of the question.    The right of the public
on that part of a street, on which a street railway line is
operated, is a qualified right, that is to say that the pub-
lic may use the part of the streetway when not required
for the use of a passing car.    It is not, therefore, negli-
gence for a vehicle to be on that part of a street over
which a street railway track is laid, unless such occupa-
tion obstructs the onward movement of a car.    It is the
duty of the driver of the vehicle to know and to exercise
ordinary care to find out when a car is likely to
approach, and then to exercise ordinary care to get out
of the way.    If he observes these precautions then the
element of negligence does not enter into his conduct.
The instruction, therefore, was not erroneous in declar-
ing that the plaintiff was not guilty of negligence in being
on the defendant's track, unless he knew or could have
known that the defendant's car was going to pass along

the track where he was, and that he exercised ordinary care to get out of the way, and that, if he was exercising ordinary care in trying to get out of the way when the injury occurred, he was not guilty of contributory negligence. This instruction properly left the question of the plaintiff's contributory negligence to the jury. Taken in its entirety it is obnoxious to no serious objection, that we can discover. Instructions, numbered 7 and 8, in effect, directed the jury that the plaintiff's merely being on the defendant's track was not of itself negligence, but if he was there when he knew, or could have known, by the exercise of ordinary care, that defendant's car was about to pass and did not exercise ordinary care in getting off the track and out of the way, he was guilty of negligence. These instructions are, therefore, not inconsistent in their statement of the rule of law in the aspect of the case.

V. The plaintiff's eighth instruction in substance told the jury that, even if the plaintiff was negligent in being on defendant's track, or in not getting off, yet if defendant knew, or by the exercise of ordinary care might have known, the plaintiff's danger in time to have averted the collision, and, after such knowledge or opportunity for such knowledge, negligently failed to use such means as were at his command to avoid the collision, then the plaintiff's negligence did not excuse that of the defendant. The defendant's eighth instruction was but the converse of the preceding instruction.

The plaintiff's instruction, numbered 9, which directed the jury as to the form of their verdict if they found for the plaintiff, was unexceptionable in form and substance. It is better practice for the court to give the form of the verdict for each side, but its failure to do so, unless asked, cannot ordinarily be a ground for the reversal of a judgment. It is not to be regarded as being within the prohibition of the rule forbidding a court by its instructions to give undue prominence to any particular fact.

It is not the duty of a court, under our practice in civil cases, to give instructions unasked upon every conceivable aspect of a case. We cannot hold this to be error, though it has been so held in other jurisdictions.

The instructions are so numerous and elaborate that we have not set them forth *in extenso.* It is sufficient to say that they are vulnerable to verbal criticism in some respects, but beyond the errors which have been noticed, we think they substantially assert correct rules of law applicable to the case.

For the reasons stated the judgment will be reversed, and the cause remanded. All concur.