ELLISON v. JONES.

*(Supreme Court, General Term, Fourth Department. July, 1891.)*

1. COMPENSATION OF SERVANT—RIGHT TO RECOVER.
    In an action by an employe to recover the value of his services rendered, wherein the defense was that plaintiff had wrongfully left defendant's service, plaintiff gave evidence that he was to have the privilege of quitting at his option, which privilege defendant denied. *Held,* that the question whether or not the facts and circumstances in the case were such as to warrant plaintiff in quitting defendant's service was properly submitted to the jury.

2. SAME—INSTRUCTIONS.
    In such case, the evidence being that plaintiff had remained in defendant's employ two months, defendant's request to charge "that, if the jury find that the plaintiff was to have $28 per month for six months, he cannot recover anything in this action," was properly denied, and the jury properly instructed that plaintiff might recover what his services were reasonably worth, if he left his employment on good grounds.

3. SAME—EVIDENCE.
    Evidence of the value of the services of plaintiff and his wife was properly received, and also evidence that plaintiff was able to do a full man's work, the action being in the nature of an *indebitatus assumpsit* for the value of plaintiff's services.

Appeal from Cortland county court.

Action by George F. Ellison against John W. Jones to recover for services rendered. When the verdict for plaintiff for $64.54 was delivered, the plaintiff's attorneys stipulated that the sum of $4.54 be deducted therefrom. The deduction was made. Thereupon defendant's counsel stated: "We desire to make a formal motion in behalf of defendant for a new trial upon the minutes. *The Court.* Denied. (Exception taken by defendant's counsel.)" The case also states: "A motion was here made by W. C. Crombie, of counsel for defendant, for a new trial on the minutes, which motion was denied." The case contains no other statement in respect to the motion. Judgment was entered in the county court, December 17, 1889, for $60 damages and $82.48 costs; total, $142.48. January 6, 1890, the defendant appealed from the judgment "and from the order entered in this action at the trial, denying a new trial on the minutes." The action was commenced in a justice's court on the 11th day of June, 1889. The complaint contained the following language: "The plaintiff complains of defendant, alleges that the defendant is indebted to the plaintiff for work, labor, and services of said plaintiff and his wife, and goods, wares, and merchandise, provisions and personal property, of the value and fully worth $60. That the said services were of the value and well worth that sum, and were performed by plaintiff and his wife, Minnie Ellison, for defendant, under and in pursuance of an oral contract, and were of the value and worth the sum charged; and the goods, wares, and merchandise, provisions, etc., were well worth the sum charged; and defendant promised and agreed to pay therefor." It also alleged that the wife, Minnie Ellison, had assigned her interest in the claim to plaintiff before the commencement of the action. The answer of the defendant contained a denial and alleged payment, and that the services were "performed by plaintiff and his assignor under a special contract, which said contract the said plaintiff and his assignor have failed to keep and perform, and refuse to keep and perform, and have left defendant's employ without the consent of this defendant, and without the fault of the defendant, and to the defendant's damage in the amount of $50.  *  *  *" It also alleged that the services were "performed under a special and entire contract, and plaintiff has and plaintiff's assignor has failed to keep and perform their said contract with defendant, and cannot maintain this action." From the judgment of the county court, affirming the judgment of the justice, and from an order denying a motion for a new trial made on the minutes, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

W. C. Crombie, for appellant.　J. & T. E. Courtney, for respondent.

HARDIN, P. J.　According to the well-settled practice of this court the appellant is not entitled to review the order refusing a new trial on the minutes, and neither the motion nor the order specifies any grounds upon which the motion is made. *Hinman* v. *Stillwell*, 34 Hun, 178. The appeal from the order must therefore be dismissed.

2. Upon the evidence it is clear that the plaintiff and his wife entered into the service of the defendant in April, 1889, and continued until the 6th of June of that year, at the instance and request of the defendant. Plaintiff's complaint alleges the value of the services performed, and to support that allegation the plaintiff gave evidence tending to show that the defendant requested the services, and promised to pay therefor at the rate of $28 per month. The answer of the defendant alleges that the defendant and the plaintiff had entered into a contract for a definite period, and that, because the plaintiff had not performed the services for the period mentioned in the contract, he was not entitled to recover. In response to evidence tending to support the allegations of the defendant, plaintiff gave evidence tending to show that there was a condition in the contract, or understanding between the parties, that the plaintiff might quit the service of the defendant at his option. Defendant gave evidence tending to establish that there was no such condition in that contract. These questions of fact, (there being conflicting evidence,) we think, were proper for the jury to determine. In the body of the charge the court instructed the jury, viz.: "If the plaintiff did make the contract testified to by him, and he had a reasonable ground to disagree, then he had the right to cease his employment and terminate his contract." And the court instructed the jury, viz.: "If the terms of the contract were that he had the right to quit if they disagreed, ordinarily there must be something upon which you can predicate that disagreement. It must not be purely fictitious. If, however, the contract was that he might terminate the contract at pleasure, then he need not. The plaintiff has testified that the contract was that he might terminate it if they could not agree. I think that is his language. And he says the reason they could not agree was for certain things that the defendant didn't furnish in the house, finding fault with him and about certain things. Now, was there any fact or were there any facts justifying the plaintiff, upon that issue alone, in saying that they could not agree? I submit these questions, all of them, to the jury." The defendant's counsel took an exception as follows: "To that last part I except." We think the exception is unavailing. We think the evidence warranted the court in submitting the questions mentioned in the instruction to the jury. The plaintiff gave some evidence tending to show that the arrangement entered into with the defendant was to the effect that he was to have the privilege of quitting at his option, and that the defendant was to have the privilege of discharging him at his option. The plaintiff also gave some evidence tending to show "facts and circumstances that would justify him" in availing of the option mentioned. Upon the evidence it was for the jury to determine whether the facts and circumstances were such as to warrant the plaintiff in leaving the employment of the defendant. If there was an agreement for a definite period of time, it was for the jury to say whether there was an actual, genuine cause, "not feigned; real, and not merely pretended." *Smith* v. *Railroad Co.*, 35 Hun, 204. The defendant's counsel requested the court to charge: "We also ask the court to charge that, if the jury find that the plaintiff was to have $28 per month for six months, he cannot recover anything in this action." The court declined to so charge, and the defendant took an exception. We think the refusal was not error. The request leaves out of view any condition in the contract between the parties as to the right to quit by force of the reserva-

tion in the terms of the contract; and it also leaves out of view the right of the plaintiff to quit if he had justifiable cause by reason of the improper conduct of the defendant towards him. In *Gates* v. *Davenport*, 29 Barb. 160, it was held: "Where one contracts to serve another for a specific time he may leave his employer before the expiration of the time agreed upon if sufficient cause exists to justify such leaving; and he will be permitted to recover for the time he actually served, and in some cases beyond that. Where there is a provision in the contract that the employe may leave in case of a disagreement, the fact of a *bona fide* disagreement is all that is necessary to entitle either party to put an end to the contract." Our attention is invited to *Monell* v. *Burns*, 4 Denio, 121, where it was held that "it was part of the agreement that if either party became dissatisfied he might abandon the contract;" and in that case there was "not the least room to doubt that the contract bound the plaintiff to labor seven months, unless he had a right to quit if dissatisfied;" and it was said in the course of the opinion that, "if it had been material to ascertain whether the contract authorized either party to bring it to a close if dissatisfied, that must also have been left to the jury." We are therefore of the opinion that it was proper in this case for the trial judge to refuse the charge requested, and to submit the questions of fact to the jury.

3. We think there was no error in instructing the jury that plaintiff might recover "what those services were reasonably worth," if the jury found the other questions of fact favorable to the plaintiff. *Gates* v. *Davenport, supra; Ludlow* v. *Dole*, 1 Hun, 715, affirmed, 62 N. Y. 617; *Goetz* v. *Van Au*, 12 Civil Proc. R. 104, and cases cited in note.

4. Nor do we think it was error to receive evidence of the value of the services of the plaintiff and his wife. The valuation put upon the services by the witnesses did not exceed the sum which testimony tended to show was assented to by the parties, to-wit, $28 per month. In *Koon* v. *Greenman*, 7 Wend. 123, it was said that, "so far as the work was done under the special contract, the prices specified in it are, as a general rule, to be taken as the best evidence of the value of the work;" but there is nothing in the case that indicates that it is the exclusive evidence that should be received bearing upon the question of the value of the services. We think *Ladue* v. *Seymour*, 24 Wend. 62, does not aid the appellant. In that case it was held that, "when the special contract has been rescinded or abandoned by the parties, or when an end has been put to it by the wrongful act of the party for whom the services were rendered, the other party may, in general, resort to the *indebitatus assumpsit* counts, and in that form recover for his labor and materials. In such cases there is no subsisting special contract between the parties. There was one, but it is at an end."

5. Appellant insists error was committed by the court in allowing the plaintiff as a witness to state that he was able to "do a full man's work during the time" he labored for the defendant, and that he did during that time every day "do a full man's work." The ruling made by the court was that the witness might state whether he did a full man's work every day. To that ruling an exception was taken, and the witness stated that he did. We think the question called for a fact that was pertinent and proper upon the issues to be considered by the jury. Besides, the evidence of that fact seems to be borne out by the testimony of the defendant himself, who, in the course of his cross-examination, stated ".the plaintiff was a fair workman on my place."

6. We think no error was committed upon the trial in respect to the articles which the plaintiff had taken to the defendant's. At folio 91 the defendant conceded that no question should be made as to "the fact that they took those articles" to defendant; and subsequently attention was called to the fact that such concession had been made. Again, as the appellant is not in a situation to review the amount of damages recovered, we see no occasion to disturb the

verdict on that ground. We think the appeal from the order should be dismissed, and the verdict allowed to stand. Appeal from the order dismissed. Judgment affirmed, with costs. All concur.