# STOVER MANUFACTURING COMPANY
## v.
## CATHERINE LATZ.

*Master and Servant—Contract of Service—Breach—Discharge—Retention of Deposit.*

1. The question of the reasonableness of the discharge of a servant is for the jury.

2. In an action brought by a mother to recover the wages of a minor son, employed under a written contract providing that one dollar per week should be deducted therefrom until $100 was accumulated, the same to be retained as liquidated damages should he leave his employment or be discharged for reasonable cause before the expiration of two years, this court holds that he was not discharged for such cause, and declines to interfere with the judgment for the plaintiff.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Stephenson County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. JAMES I. NEFF and J. H. STEARNS, for appellant.

Mr. M. STOSKOPF, for appellee.

LACEY, P. J.   This was a suit brought before a justice of the peace by appellee against appellant, and upon appeal was heard in the Circuit Court before a jury, resulting in a verdict in favor of the former for $95.61.   The claim was based on an account for wages for appellee's minor son, Joseph Latz, who was in the service of the appellant in the iron molding business.   The appellee had contracted with the appellant for the services of her minor son by a written contract, drawn with and signed by him, but also executed by appellee, which was offered in evidence as the basis of the claim.   By the terms of the agreement Joseph Latz agreed to work for the appellant for the term of two years, wages payable every other week, except the appellant had the right to retain from his wages the sum of $1 per week as a guarantee fund until such guarantee fund should reach the sum of $100.   The amount of wages to be paid to the appellee for the services of her son was at the rate of three-quarters of the full price paid journeymen molders for similar work, and the price paid to such molders was for job or class work, to be controlled by appellant, and such price was to be binding on appellee.   The guarantee fund was to be retained by appellant as a guarantee that appellee's son would complete the full term of service according to contract, and would not be paid until the terms of his contract were fully complied with, and if the said Joseph Latz failed or refused to continue in the service of appellant for the full term stipulated for, then the guarantee fund was to be retained by it as liquidated damages for breach of contract.   The appellant reserved the right to cancel the contract at any time should the said Joseph Latz fail to comply with the terms thereof, or should he so conduct himself as to give reasonable cause for his dismissal from the service, and

in case of dismissal for such reasonable cause, all right to or claim upon the guarantee fund was to be forfeited, and would be retained as liquidated damages.

These were the substantial provisions of the contract. At the time of the suit there was two weeks' wages due, amounting to $18.61, which claim is not disputed to be ·due appellee. There was also $75.66 back wages retained by the company under the contract of the guarantee fund. The appellee's son commenced work for appellant in December, 1888, and worked for it at the iron molding business for one year and six months, quitting the 15th of August, 1890. He was discharged by Ramsay Botdorf, appellant's foreman.

The question tried before the jury was, as to whether appellee's son at the time of his discharge so conducted himself as to give reasonable cause for his dismissal from the service of appellant. The jury, it appears, on that issue found for appellee. It is claimed by counsel for appellant that this verdict was manifestly against the weight of the evidence, and also that the court below erred in not instructing the jury, after all the evidence was given in, to find the issue on the reasonableness of the discharge in favor of the appellant. It is also insisted that the question of reasonable cause for discharge of a servant by his master is a question of law for a court and not of fact for a jury to decide. Some cases are cited from the courts of England and some States of this country to show that it was a question of law and not of fact. However it may have been held by those courts, we are inclined to think, according to the rules of law as adopted in this State, that the jury had the right to pass upon the question of fact as to the reasonableness of his discharge; therefore we think the court did not err in refusing appellant's instruction and in giving the one to the contrary on the part of appellee. The next question is, was the verdict supported by the evidence. We are of the opinion that it was.

While the boy's conduct was not entirely justifiable, we think under the circumstances the jury was warranted in finding that the appellant's foreman failed to exercise a reasonable discretion in discharging the boy, and that it was to some

extent arbitrary and unjustifiable.   It appears from the evidence that the boy had worked for the appellant for a year and a half faithfully and well, performing all his duties to the satisfaction of appellant, always being obedient and attentive, with slight exceptions, to his duties.   On the occasion of his discharge, the boy was at work with thirty-five or thirty-six other men in catching melted iron as it flowed from the blast furnace and pouring it into the molds.   It seems, according to the rules of the company, each man had his ladle and would catch it full in regular turns, and that Joseph Latz at the time came up with his ladle or dipper in his proper turn, and the foreman being present ordered him back, claiming that he was not in his proper turn, no doubt believing that such was the fact, though in truth he was wrong.   By being put out of his turn the boy would lose twenty or thirty minutes and be discommoded and perhaps be prevented from earning as much wages as he otherwise would.   The foreman told the boy to get out of his place; he did so, and went over to his floor and stayed there five minutes.   The foreman called him to come back, but he did not go back until he was called the second time.   The foreman asked him why he did not come over and catch when he called him.   The boy said he did not, because he (the foreman) shoved him out of his catch when he (the boy) wanted to come in.   The foreman then told him to shut his mouth, that he wouldn't have any of his sauce.   The boy replied he would not " shut up " because he had been shoved out of his place.   The foreman then ordered the boy out of the shop.   Then the boy told him " he didn't have to kiss anybody's arse for a job."   This is the sum and substance of the cause for the discharge.   The jury, we think, had a right to find, from the evidence, that Latz did not absolutely refuse to catch after he was put out of his turn, and that the foreman was to blame for putting him out of his turn, and that the former had considerable provocation for being angry, and that the foreman failed to use the discretion and consideration which he ought to have done, especially when dealing with a boy, and that the vulgar language used was used after the discharge.

After he found out he was wrong, he should have taken that fact into account, and while the boy was somewhat to blame, he himself was not free from fault, and ought not to have acted so hastily in discharging the boy.   This discharge, under the contract, not only had the effect to put an end to the contract but to forfeit Latz back pay of $75.   In Chicago City Railway Co.v. Blanchard, 35 Ill. App. 481, on this subject of forfeiture, the court uses this language : " In order to justify the retention of the deposit of an employe upon his discharge, the contract of service providing for such retention in certain cases, it must be shown that a contingency arose which warranted such action.   Clauses in contracts of service in the nature of forfeiture must be strictly construed.   Where the right to recover a deposit depends upon the exercise of the judgment of a given person, the forfeiture thereof under such clause will not be permitted unless it be shown that there was an exercise of such judgment in good faith, and in a reasonable and not in an arbitrary and capricious manner."

If the jury in this case found that the discharge in question was not reasonable and was done capriciously or arbitrarily, as we think it had a right to do under the evidence, then the verdict was right.   Under all the circumstances, we do not feel at liberty to reverse the judgment in this case, and to hold that the appellee has forfeited her right to recover this money which has been earned by the hard labor of this boy. The judgment of the court below is therefore affirmed.

*Judgment affirmed.*