(6 Misc. Rep. 101.)

JACKSON v. NEW YORK POST-GRADUATE MEDICAL SCHOOL AND HOSPITAL.

(Common Pleas of New York City and County, General Term.   December 4, 1893.)

1. MASTER AND SERVANT—ACTION FOR DISCHARGE—MOTIVE.
   If the master have legal justification for the discharge of his servant, his motive in availing himself of his right is of no effect in impairing that right, and is irrelevant to the issue of justification.

2. SAME—JUSTIFICATION—ESTOPPEL.
   The fact that the master may not, as against third persons, question the act of his servant, does not estop him, as against the servant, to allege that act as an abuse of authority.

3. SAME—PROVINCE OF JURY.
   If upon the evidence it be uncertain whether the misconduct of the servant be justifiable cause for his discharge, it seems the question of justification may be properly submitted to the jury.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Louis A. Jackson against the New York Post-Graduate Medical School and Hospital to recover damages for alleged wrongful discharge of plaintiff from defendant's service. From a judgment (23 N. Y. Supp. 119) affirming a judgment entered on a verdict for plaintiff, defendant appeals. Reversed.

By contract, defendant, a domestic corporation, of which Dr. Roosa was president, employed plaintiff for five years as solicitor of advertisements in defendant's publication the Annual Announcement Book. At the end of the first year defendant discharged

plaintiff, and in this action for the discharge defendant pleaded and gave proof of several grounds of justification.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

James L. Skillin, (Arthur H. Masten, of counsel,) for appel'ant.

James K. Averill, for respondent.

PRYOR, J. In answer to the action the defendant alleged a rightful discharge of the plaintiff, and whether the discharge were justified by his misconduct was the issue upon which, in fact and in law, the verdict was suspended. In terms, the court instructed the jury that, "unless you find that there was just and reasonable cause for the defendant to rescind or cancel this contract by reason of the acts of the plaintiff, the defendant is bound." No exception was taken to this direction; and probably, by the weight of modern authority, where, as here, the imputed misconduct of the servant is not clearly and conclusively incompatible with his obligations to the master, the question of justification is properly for decision by the jury. Ellison v. Jones, (Sup.) 15 N. Y. Supp. 356; Manufacturing Co. v. Latz, 42 Ill. App. 230; Suttie v. Aloe, 39 Mo. App. 38; Bramwell, B., in Horton v. McMurtry, 5 Hurl. & N. 674; Turner v. Robinson, 5 Barn. & Adol. 789; Ridgway v. Market Co., 3 Adol. & E. 171; Read v. Dunsmore, 9 Car. & P. 588; Amor v. Fearon, 9 Adol. & E. 548; Mercer v. Whall, 5 Q. B. 447. And not only the legal quality, but the fact of the plaintiff's misconduct, was referred to the jury, upon evidence which, to say the least, would have well warranted a finding in favor of the defendant. In this aspect of the case it is obvious that any admission of incompetent evidence could hardly fail to be of prejudice to the appellant. By the contract upon which plaintiff sues he was employed absolutely for a period of five years, but within a few days after its execution the defendant endeavored to procure his assent to an engagement terminable on 30 days' notice. This proposed new agreement was received in evidence, contrary to objection and exception by the appellant. In his printed argument the learned counsel for the respondent thus vindicates the ruling:

"This paper was introduced in evidence to show, with other testimony, that the defendant almost from the beginning of the contract was seeking some chance to terminate it, and that it was a part of a general scheme to get some pretext for getting rid of the plaintiff without being made liable for damages resulting from a breach of the contract. This was a part of the theory upon which the plaintiff tried this action, and for that purpose the paper was admissible in evidence."

But "the motive of the master in discharging the servant is not the issue, nor is it material. The simple question is whether a legal cause existed for such discharge." Wood, Mast. & Serv. 230. In Spotswood v. Barrow, 5 Exch. 110, the cause alleged in the plea for plaintiff's discharge was disobedience of orders. At the trial it was proved that he had misappropriated money, but it did not appear that the defendants knew the fact when they dismissed him. Held, "that, the defendants having a justifiable cause

for discharging him, the learned judge at nisi prius was wrong in leaving it to the jury to say whether they discharged him for that cause; for their motive and intention were not in issue." In the present case, no matter what the motive of the defendant in dismissing the plaintiff,—whether, as he urges, because defendant sought a better bargain with another,—the sole issue on trial was, did justifiable cause for plaintiff's discharge exist? If it did not, the verdict was necessarily for the plaintiff; if it did exist, the verdict was necessarily for the defendant. And yet plaintiff was allowed "to try the case on the theory that it was a part of a general scheme to get some pretext for getting rid of the plaintiff without being made liable for damages." Suppose the theory well-founded, it would not have affected appellant's defense of legal justification for the discharge. How can we know that the jury did not accept the plaintiff's "theory," and award him the verdict on the sole ground of defendant's desire to be quit of the contract? Indeed, upon any other hypothesis the verdict is unaccountable. The jury were charged that if Dr. Roosa "did not authorize the use of his name for the purpose of soliciting advertisements by the promising of trade to the advertisers, then the defendant must recover." The fact that Dr. Roosa gave no such authority was established by uncontradicted and conclusive proof, and yet the jury gave the verdict to the plaintiff. In other words, the court instructed the jury that, if a certain fact were proved, that fact would convict the plaintiff of misconduct justifying his discharge, and entitling the defendant to the verdict. Upon the evidence the fact stood undisputed, and still the verdict was for the plaintiff. How, otherwise, are we to explain such a verdict than upon the presumption that, although the discharge of plaintiff was justifiable, the jury, in accordance with the "theory," found against the defendant, because he availed himself of his legal right to accomplish a foregone purpose to be rid of the plaintiff? The evidence was incompetent for any purpose, and the error in its admission is of obvious injury to the appellant. An error in the charge to the jury is equally fatal to the judgment. Another ground assigned by the defendant as legal justification for the plaintiff's discharge was that he had wrongfully caused the omission of advertisements from publication. Upon this point the question was whether the plaintiff or the defendant was responsible for the omission. The issue depended upon conflicting evidence; the printer testifying that Dr. Roosa referred him to plaintiff for arrangements as to the publication, and that the plaintiff directed the omission of the advertisements. Thereupon the judge charged: "If you believe that he [plaintiff] was authorized by the doctor that all matters in regard to the arranging of the Announcement should be referred to Mr. Jackson, then any act of Mr. Jackson cannot be found fault with here, or taken advantage of by the defendant;" that is, if the plaintiff was authorized to supervise the publication, the defendant was estopped to say he was guilty of misconduct in such supervision. In respect to its customers, undoubtedly, the defendant could not challenge the authorized act of its duly-constituted

agent; but that, as between plaintiff and defendant, the latter might allege an abuse of the former's agency, is too plain a proposition to admit of controversy. Assuming such abuse, the court told the jury that it was not open to defendant to assign it as a cause for plaintiff's discharge, and thus swept away one of appellant's main defenses to the action. The error in the charge is palpable. From the reversal of the judgment there is no escape. Judgment reversed, and new trial ordered, costs of the appeals to appellant to abide the event. All concur.