(8 Misc. Rep. 333.)

## BALL v. LIVONIA SALT & MIN. CO.

(Common Pleas of New York City and County, General Term.   May 7, 1894.)

1. MASTER AND SERVANT—DISCHARGE OF SERVANT.
  Where a traveling saleman deviates from his route list, though he knew when he was employed that following the list closely was stated to be of the greatest importance, his employer is justified in discharging him.

2. SAME—REASON FOR DISCHARGE.
  Where a master has legal cause for discharging his servant, he need not state it at the time of the discharge.

3. SAME—EVIDENCE.
  Where it is alleged as a defense in an action for discharging plaintiff, a traveling salesman, that his expenses were excessive, he may be required to give an itemized statement of his expenses.

Appeal from first district court.

Action by William E. Ball against Livonia Salt & Mining Company to recover damages for an alleged wrongful discharge. A judgment in favor of plaintiff was rendered by the justice without a jury, and defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Henry B. Twombly, for appellant.

David Welsh, for respondent.

GIEGERICH, J.   Plaintiff was employed by defendant under an agreement in writing containing the following provisions:  "We are willing to engage you as traveling salesman, to cover such ground as we may designate, from time to time, at a salary of $100 per month, and actual traveling expenses incurred in the interest of our business."   Plaintiff entered upon the performance of his duties under this contract on the 22d day of May, 1893; and on the 22d of July, 1893, he was discharged.   In justification of the discharge the defendant, on the trial, proved that the plaintiff did not follow the route list provided for him; that from July 13 to July 17, 1893, he was at Spring Lake, N. J., on a pleasure trip, after he had notified defendant that he would stop over Sunday (16th) at Elmira, N. Y., and that his expenses were excessive.   On the 14th day of July, 1893, the defendant mailed to the plaintiff a letter which contained directions as to certain prices to be charged a customer in Elmira named William Amberg.   This letter, in the regular course of the mail, should have reached the plaintiff on Saturday, July 15th; but, according to his own testimony, he changed his route, and was absent from Elmira on July 16th, and consequently did not receive the letter until after he had made a sale to the customer in question. On Monday, July 17th, plaintiff wrote defendant from Elmira: "Sorry you did not let me know about William Amberg.   I might just as well have got former prices. * * * I went up last Sunday to Ithaca,—there is nothing there,—and doubled back here, and got here this p. m."   If the plaintiff had attended to business, he would have received this letter on Saturday at Elmira, and been able to carry out its directions.   The plaintiff also testified on the trial that he did not go to Ithaca, and endeavored to explain this letter by saying that

he had changed his route after he wrote it. He certainly knew on Monday whether or not he had spent the day before in Ithaca. This letter, alone, is sufficient proof that his employers could not trust him. The plaintiff also admitted on the trial that he was in Spring Lake on Friday and Saturday, July 14th and 15th, which trip, it appears from the evidence, was detrimental to the defendant's interest. The plaintiff also admitted he did not, to some extent, follow his route lists, although he knew when he was employed by the defendant that the following of the route list closely was stated to be of the greatest importance to the company. These and other uncontradicted facts, above detailed, justified, in our opinion, the dismissal of the plaintiff (Schouler, Dom. Rel. § 462; Wood, Mast. & Serv. § 116; Dunkell v. Simons [Com. Pl. N. Y.] 7 N. Y. Supp. 655), though they may not have been specially assigned at the time of the discharge (14 Am. & Eng. Enc. Law, 792, 793; Wood, Mast. & Serv. § 119; Jackson v. Hospital [general term of this court] 6 Misc. Rep. 101, 26 N. Y. Supp. 27). It follows from these views that the judgment rendered is not supported by the evidence.

The justice also erred in excluding the question, "How do you make up the hotel bill of $16.25, when you were traveling at the company's expense only three days that week?"—and also in excluding the itemized statements of plaintiff's expenses. The fact was material, as showing that either he had charged his expenses, during his pleasure trip, to the defendant, or that the bill was excessive for three or four days' expenses. The bills were material to show whether his expenses were so excessive as to justify the defendant in discharging him for that cause. For these reasons the judgment should be reversed, and a new trial ordered, with costs to the appellant, to abide the event.