The Rockford, Rock Island and St. Louis R. R. Co.

*v.*

Jeremiah B. Lent.

Contract.—*must be fully performed.* Under a contract for the delivery of a certain number of posts, of a specified quality and size, the party to whom the posts are to be furnished is not bound to receive a part of the posts contracted for, and if the party who was to furnish them delivers a less number, which are not received, he has no right of recovery.

Appeal from the Circuit Court of Cass county; the Hon. Charles Turner, Judge, presiding.

Mr. Charles M. Osborn, for the appellant.

Messrs. Pollard & Phillips, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of assumpsit, brought by the appellee in the Cass circuit court, against appellant, on a written contract. The appellee bound himself to deliver to appellant 10,000 posts of specified kinds of timber, "not less than seven feet in length, and of the size of not less than four inches full, and cross section 24 inches." It was also agreed, "that if said posts are of the required length and diameter, as set forth in the above, then the said posts shall be passed and received by the party of the first part, anything hereinbefore contained to the contrary notwithstanding." And the parties bound themselves unto each other in the penal sum of $1000, as liquidated damages, to be paid by the failing party.

Appellee claims that he has fulfilled his part of the agreement by delivering the required number of posts within the

specified time, and of proper dimensions, and that the company refused to inspect, receive or pay for them, and, hence, he has sued to recover the damages of $1000.

On the trial in the court below appellee's witnesses testified that the posts were of the dimensions required; that they were delivered within the time, and that the proper agents of the company were notified of the fact, but that they refused to inspect or receive the posts, and there is no pretense that they have paid for them. The grounds upon which appellant bases its defense is that the posts are, in size, less than four inches full, and that they will not cross-section 24 inches. Appellee swears the posts would measure four inches in diameter, and that they would cross-section 24 inches; and says that to ascertain the cross-section he would measure diagonally from each of the four corners of the post to the opposite diagonal corners, and ascertain the length of all four lines; or diagonally through the post from corner to corner, and multiply the length of the line by four. And in this he is supported by Briggs, who states that his rule for cross-sectioning is by the same measurement.

Appellant's witnesses testify that the true rule is to cut off a section from the end of the post and then ascertain the number of superficial inches the end of the section contains, or to measure the side and edge and multiply one by the other, if the timber be square; if an isosceles triangle, then by multiplying the base by the perpendicular and dividing by two, the product being the superficial area of the surface. If a section one inch in length were cut off of a post four inches square, it would contain but 16 cubic inches, nor could the superficial area contain more than 16 square inches. It would, therefore, appear to be manifest that the posts should have been four by six inches square to cross-section 24 inches, or if triangular, then the base and perpendicular should measure 14 inches. And it is manifest that a post four inches square will cross-section but 16 inches, and would lack

19—63d Ill.

one-third of the size required by the contract. There is no pretense that there were 10,000 posts, four by six inches, although Briggs testified that there was a portion of that size; and the contract required the full number of the proper length and size to be delivered by the day mentioned, and the agreement being for the full number, the company was not bound to receive a part of the posts for which it had contracted. Hence, appellee has failed to establish a right to recover.

The evidence wholly fails to support the verdict, and the court below should have set it aside and granted a new trial.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*