CLIFTON *et al., Appellants*, v. SPARKS.

1. **Practice**: RELIEF FROM APPELLANT'S OWN ERROR : INSTRUCTION. A party cannot insist upon a reversal of a judgment because of error in his own instruction.

2. **Vendor**: VENDEE: CONTRACT: WARRANTY. Where a vendee buys a number of cattle, and by the terms of the contract of sale they are to be weighed upon the vendor's scales, and paid for according to the weight as determined by said scales, there is an implied warranty on the part of the vendor that such shall be lawful scales, and capable of indicating lawful weights, and the vendor is liable to the vendee for all money paid him by the latter by reason of excessive weights, as indicated by the defective scales, although there was no pretense of actual fraud on the part of the vendor.

*Appeal from Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*A. W. Anthony* and *Cosgrove, Johnston & Pigott* for appellants.

1. By the terms of the contract of sale the cattle were to be weighed on defendant's scales, and this was an affirmation on the part of the defendant that the weight of said cattle, as given, was correct. The weighing was as material a part of the contract of sale as paying for them. *Smithers v. Bircher,* 2 Mo. App. 511; 1 Parsons on Contracts, (6 Ed.) top p. 579. 2. The second instruction given on behalf of defendant is erroneous, because it tells the jury the plaintiff cannot recover in the absence of fraud; if there was a warranty (either expressed or implied) by the defendant, it was not necessary that there should have been any fraud on his part to authorize a recovery by plaintiff. *Branson v. Turner,* 77 Mo. 489. " It is not always absolutely necessary that an actual falsehood should be uttered to render a party liable in an action of deceit, if he states material facts as of his own knowledge, and not as a mere matter of opinion or general assertion about a matter of which he has no knowledge whatever, this distinct, willful statement, in ignorance of the truth, is the same as the statement of a known falesehood." *Dulaney v. Rogers,* 64 Mo. 201; *Caldwell v. Henry,* 76 Mo. 254; *Dunn v. Oldham,* 63 Mo. 181; *Ralcy v. Williams,* 73 Mo. 310; Kerr on Fraud and Mistake, (Bumps Am. Ed.) pp. 60, 68, 69, 75, 81. When a man sells by his own scales, the law implies a warranty that they are correct.

*Draffen & Williams* and *D. E. Wray* for respondent.

It was not the contract, that the cattle should be paid for at so much per pound, but should be paid for at so much per pound, the weight to be determined by these particular scales. The objection seems to be the contract itself. The instruction was correct. The contract was valid, and, in the absence of fraud, the parties were bound

by it. *Nofsinger v. Ring*, 71 Mo. 149; *Butler v. Winona Mill Co.*, 13 Cent. Law Jour. 216; *Lynn v. Railroad Co.*, 45 Am. Rep. 741. See, also, *Gibson v. Cranage*, 33 Am. Rep. 351; *Zaleski v. Clark*, 26 Am. Rep. 446; *Whiteman v. Mayor of New York*, 21 Hun. 117; *Hudson v. McCartney*, 33 Wis. 331. Parties have the right to make their own contracts, and when the agreements do not contravene public policy, the courts will enforce them. There is nothing in the record to show that the appellants entered into the contract through mistake. For aught that appears, they may have known, and doubtless did know, all about the scales, when they agreed to purchase the cattle by this weight.

MARTIN, C.—The plaintiffs brought suit before a justice of the peace to recover from defendant $140, alleged to have been erroneously overpaid by him in the purchase of some cattle. In their written statement, plaintiffs allege that "they purchased of said defendant forty-one head of beef cattle at four and one-fourth cents per pound, gross weight, and one at three cents per pound, gross weight, making forty-two head of cattle in all; that defendant weighed them on his own scales which he said gave correct weights; that the forty-one head, as weighed by defendant upon his scales, weighed 56,134 pounds, and one weighed 1460 pounds, as weighed by him. Plaintiffs say they paid him the price agreed upon for said number of pounds, without at the time knowing that said weights were erroneous and largely in excess of the true weights. Plaintiffs aver that said scales were defective and false and the said cattle erroneously weighed, and that the true weight of the cattle at the time of the purchase, and when they were weighed by defendant was only 55,074 pounds, instead of 57,594. Wherefore by reason of the premises, plaintiffs say they are damaged in the sum of $140, for which they ask judgment." The judgment before the justice was in favor of defendant. The plaintiffs appealed to the circuit court where the issues were tried by a jury and found in favor of

defendant, from which the plaintiffs appealed to this court.

To sustain the issues on their part the plaintiffs submitted evidence to the jury showing that in the month of January, 1880, they purchased forty-two head of cattle from the defendant, and that the contract price was four and a quarter cents per pound for forty-one head of the cattle and three cents for the other one; that by the contract the cattle were to be weighed upon the defendant's scales upon his premises, and were to be paid for by the weight that they weighed upon said scales, and the weight thereof as shown by said scales was 57594 pounds and that the plaintiffs paid for said cattle at said weight; they then offered evidence tending to show that defendant's scales were out of order and that the weight of the cattle, as shown by said scales, was greater than the true weight.

The defendant offered evidence tending to show that the scales were correct, and that the cattle were properly weighed upon the same. At the instance of plaintiffs, the court gave the following instruction which was repeated in different language in two other instructions:

The jury are instructed that if they believe from the evidence that the scales of Sparks were out of order and did not weigh correctly, and that in the condition they were in at the time the cattle mentioned in the complaint were weighed, they made the cattle weigh heavier than their actual weight, then the jury must find for the plaintiffs and render their verdict for such an amount as damages as they believe from the evidence plaintiffs have sustained in consequence of said erroneous weight.

The court gave the following instructions at the instance of defendant:

If the jury believe from the evidence that defendant sold to plaintiffs forty-one head of cattle at four and a quarter cents per pound and one at three cents per pound, gross weight, and that it was understood and agreed between them, and that it was a part of the contract that said cattle were to be weighed on defendant's premises and

on his own scales and that plaintiffs were to pay for them according to the weight as determined by said scales, and that they were so paid for, then the plaintiffs cannot recover in this case in the absence of fraud and the jury will find for the defendant.

It is apparent that these two instructions are inconsistent. In one the jury is instructed to find for plaintiffs if the scales were imperfect and furnished erroneous and excessive weights. In the other, they are instructed to find for defendant if the cattle were paid for according to the weight, as determined by the scales, however imperfect or erroneous they may have been, provided there was no fraud in the transaction. There was no pretense of evidence of actual fraud on the part of defendant. If the instruction given at the instance of defendant is correct then the instruction given at the instance of plaintiffs is erroneous. But I apprehend they could not insist on a reversal of the case for error in their own instruction.

The single question for us to determine on this appeal is, whether the instruction given at defendant's request is correct. It will be noticed that in the statement filed before the magistrate it is alleged that the defendant said his scales " gave correct weight." This evidence fails to disclose any express declaration of his to that effect. The plaintiffs maintain that the contract, as proved, substantially contains, or implies a warranty of that import, and that the instruction given for defendant necessarily ignores such warranty. The learned counsel of defendant contend that as the cattle were to be weighed on the defendant's scales, and were to be paid for according to that weight, the plaintiffs are bound to pay according to such weight in the absence of fraud, whether it is the true weight or not. In support of this view they cite a class of cases in which it is held that in the absence of fraud, the parties to a contract are bound by the decision or estimate of a third party, agreed upon between them, to determine any of the conditions or ingredients necessary to complete the obligation to pay the

consideration of the contract. I failed to perceive the application of these cases to the point before us. I do not think that the parties to this contract in adopting the scales of defendant could have had in view any results differing materially from the results to be expected from any other set of scales used at the same time and place. The variation of results produced by lawful scales is too insignificant to be compared with the range of results proceeding from the discretion and fallible estimates of arbiters or referees. A discrepancy of 2,500 pounds in weighing forty-two head of cattle is entirely beyond the infinitesimal variations possible in lawful scales, and could not reasonably have been within the honest contemplation of either party.

The statutes of this state establish a standard of measures and weights. 2 R. S. 1879, Chap. 167, p. 1499. The clerk of each county court is required to provide the county with a set of avoirdupois weights and to give public notice of such fact. Any person who knowingly keeps any measures or weights, or buys or sells by such measures or weights, as shall not correspond with the measures and weights provided by the county clerk, subjects himself to a fine of ten dollars for each and every such offense. To suit the convenience of the parties, or to save the loss of weight by transportation, it was proper enough for them to contract that the weighing should be done on defendant's premises by his scales. But under the law which establishes an absolute and invariable standard of weight, neither party could be regarded as contracting with reference to any material variation of such scales from the lawful standard. The defendant had no right to keep or use on his premises any scales for weighing cattle or other commodities for sale which did not furnish true avoirdupois weights according to the established standard. The contract required the defendant to furnish scales for weighing on his premises free of charge. I do not perceive how he could discharge this duty imposed on him by the contract without furnishing lawful and correct scales. The

obligation to furnish scales at all contains the necessary implication and warranty that they shall be lawful scales capable of indicating correct avoirdupois weights. Such warranty is all the stronger against the defendant who had every opportunity to know, and ought to have known whether the scales kept on his premises and used by him were true and correct. Whether he knowingly or negligently made use of erroneous scales in weighing the cattle sold by him, there is nothing in the terms of his contract which will justify him in retaining the money received by him through means of erroneous weights. For the amount so received he has parted with no consideration whatever. If the scales were out of order and produced erroneous weights unknown to the parties before payment, then so much of the money as was received by reason of excessive weights was paid under a mistake of fact and should be returned to plaintiffs. I do not think that either party, by virtue of the contract, accepted the risk and contingency of false scales. "A false balance is abomination to the Lord; but a just weight is his delight." Prov., Chap. 2, 1.

The instruction given at the instance of defendant was erroneous. The one given at the instance of plaintiff's was substantially correct. In accordance with this conclusion the judgment is reversed and the cause remanded. All concur.