J. W. CLIFTON ET AL., Appellants, v. THOMAS L. SPARKS, Respondent.

Kansas City Court of Appeals, April 11, 1887.

PRACTICE—INSTRUCTIONS—BURDEN OF PROOF—CASE ADJUDGED.—Instructions to the effect that the plaintiff must make out his case *as pleaded,* and that, in the absence of such proof, the jury must find for the defendant, do not change the *burden* of proof from the defendant to the plaintiff. It devolves upon the plaintiff to *prove* his case according to the averments of his petition ; and until he does so there is no burden upon defendant to show to the contrary.

APPEAL from Morgan Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

The case is stated in the opinion.

A. W. ANTHONY, COSGROVE & JOHNSTON, for the appellants.

I. The court gave *four* instructions at the instance of appellants ; in the fourth of which the jury were told that it was the duty of respondent " to keep his scales in a condition to weigh correctly." In fact, the same doctrine was announced in the other three instructions. By these declarations of law the jury were told that the *burden of proving* that the scales upon which the cattle were weighed, were accurate, and would weigh correctly, was upon the respondent. These declarations of law *were correct.* " The defendant had no right to keep or use on his premises any scales which did not furnish true avoirdupois weight, according to the established standard." *Clifton et al. v. Sparks,* 82 Mo. 115. If the respondent had no right to keep scales which were not correct, then it would seem to follow that the court

below very properly instructed the jury, at the instance of appellants, that the burden of proof was upon defendant below to prove that his scales weighed correctly.

II.    The court gave two declarations of law to the jury at the instance of defendant; in the first of which the jury were told that "it devolved upon the plaintiffs to prove, to the satisfaction of the jury, that they paid defendant," etc. And in the second, "It devolves upon the plaintiffs to prove by evidence," etc. Both of these declarations of law are inconsistent with, and in contradiction of, those given to the jury at the instance of the appellants. They were misleading, and could have had no other effect, before the minds of the jurors, than to confuse them. "A contradiction between two instructions, so far from correcting the evils of either, multiplies them in both." *The State to use v. Naust et al.*, 2 Mo. App. 298; *Flori v. City of St. Louis*, 69 Mo. 341; *Ellet v. Railroad*, 76 Mo. *loc. cit.*, 584. "The fact that it (the instruction) is contradicted by one given on defendant's behalf, tends rather to confuse than to enlighten the jury." *Goetz v. Railroad*, 50 Mo. 472; *Jones v. Talbot*, 4 Mo. 279; *Hickman v. Griffin*, 6 Mo. 37; *Schuner v. Limp*, 17 Mo. 142; *Owen v. Owen*, 22 Iowa, 270; *Gilkey v. Ruler*, 22 Texas, 663; *Lytle v. Boyer*, 33 Ohio St. 506; *Livingston v. Maryland Ins. Co.*, 7 Cranch, 506, 544; Thompson on Charging Jury, sect. 78.

III.    The following facts clearly appear by the evidence :   (1) That defendant's scales were in bad condition.   (2) That, in the condition the scales were in, they would not weigh correctly, but weigh cattle heavier than their true weight. This is the evidence of the maker of the scales and others.   (3) That this particular lot of cattle ought not to have lost exceeding thirty or thirty-five pounds per head. What other cattle lost has nothing to do with this case. These facts seem to be conceded by defendant's second instruction, and a means

of escape provided, by requiring proof that the defendant not only received more money than he was entitled to, but that plaintiffs must prove *the amount of the over payment.*

IV. "Amount" means a definite sum—the exact sum in dollars and cents overpaid, and so the jury understood it. They were also told that, in the absence of such proof, they must find for the defendant. As applied to this evidence it is erroneous ; it requires an *impossibility.* The instruction was misleading and ought not to have been given. *Roger v. Fleming,* 58 Mo. 438 ; *Clark v. Kitchen,* 52 Mo. 346. The other instructions already given fully covered all the facts and the law ; and the only effect of this was to mislead. *Hastings v. Railroad,* 58 Mo. 302 ; *Reid v. Ins. Co.,* 58 Mo. 421.

DRAFFEN & WILLIAMS, with D. E. WRAY, for the respondent.

I. The *first* and *second* points, made by appellants for the reversal of the judgment below, are not well taken. There is no *conflict* between the *instructions* given upon the part of plaintiffs and those given for defendant. Upon the part of plaintiffs the jury were properly told that it was the defendant's duty to keep his scales in a condition to give correct weights. There was certainly no *conflict* between this; and an instruction, that the burden of showing their incorrectness was upon the plaintiffs. Surely there was no *presumption of law* that defendant's scales were incorrect, which he was required to overcome by evidence. If there was any presumption about it, it would be that he had done his duty.

II. The *defendant's instructions,* as to the *burden of proof* were most manifestly correct. The plaintiffs alleged, as their cause of action, that defendant's scales overweighed the cattle, and that, in consequence, they overpaid for the same. " He who alleges a fact, must prove it." The burden was upon the plaintiffs to make out

their case. According to appellants' theory, advanced in this court, if *no evidence* had been introduced in the case *at all*, the judgment must have been for the plaintiffs, because it was the defendant's duty to keep correct scales, and in the absence of proof as to the correctness of the same, the law presumed the plaintiffs' allegation, that they were incorrect, to be true. This is manifestly untenable.

III. The instructions as a whole presented the case fairly to the jury. *The State ex rel. Johnson v. True*, 20 Mo. App. 176; *Yocum v. Town of Trenton*, 20 Mo. App. 489.

IV. There is no error in the record "against the appellants materially affecting the merits of the action." *Conroy v. Vulcan Iron Works*, 75 Mo. 651.

ELLISON, J.—This cause has been before the supreme court and is found reported in 82 Mo. 115. It was originally instituted before a justice of the peace, the verdict being for defendant. On appeal to the circuit court defendant again prevailed, when the cause was appealed to the supreme court, where it was remanded on account of an improper instruction. It was again tried, defendant again obtaining a verdict, and plaintiffs appeal.

The only ground of complaint is as to the instructions. Those for the plaintiffs told the jury that it was the duty of defendant to keep his scales in a condition to weigh correctly and to give plaintiffs correct weight.

The court, then, against the objections of plaintiffs, gave two instructions for defendant as follows:

"1. It devolves upon the plaintiffs to prove, to the satisfaction of the jury, that they paid defendant for the cattle in question more money than he was entitled to receive, according to contract, and unless this proof has been made, they must find for the defendant."

"2. The jury are instructed that it devolves upon the plaintiffs to prove, by evidence, to the satisfaction

of the jury, that they paid to the defendant, by reason of the overweight of the cattle mentioned in the complaint, more money than he was entitled to receive for said cattle, and the amount of the over payment; and, in the absence of such proof, the finding must be for defendant."

It is contended that the instructions for plaintiffs, stating it to be defendant's duty to keep correct scales and give correct weight, threw the burden of proving that he did, in this instance, weigh correctly on defendant, and plaintiffs contend such to be the law. They, therefore, make two complaints against the instructions for defendant, first, that they erroneously declare the burden to be on plaintiffs, and second, that they are in conflict with those given for plaintiffs. We cannot agree to these views. We do not believe the burden was on defendant to show that he gave correct weight, nor do we think plaintiffs' instructions can be fairly interpreted as so stating. They state it was his duty to give correct weight, but this no more puts the burden on him to prove it, than would an instruction, in *assumpsit*, that it was the defendant's duty to pay his debts, would place the burden on him of proving he did not owe the sum claimed. The instructions for defendant were correct. Plaintiffs' cause of action was, that, by reason of defendant's scales over weighing the cattle, they overpaid him for them; this is the effect of their statement and this they must prove.

We are satisfied the judgment should be affirmed, and, with the concurrence of the other judges, it is so ordered.