DANIEL J. COLLINS, Respondent, v. MORRIS GLASS, Appellant.

### Kansas City Court of Appeals, June 22, 1891.

1. **Master and Servant:** DISCHARGE : TRIAL PRACTICE : EVIDENCE IN REBUTTAL. In an action for breach of contract in discharging the servant without cause, the master set up the incompetency and drunkenness of a servant as a defense, and his evidence tended to show that the servant was drunk most all of the time. It was proper, therefore, for the servant to show in rebuttal by witnesses that the plaintiff was sober at such times as they saw him.

2. ———— : TRIAL PRACTICE : VARIANCE. This suit was to recover wages due under the contract, and there was no room for the application of the rule that there can be no recovery on a contract other than that declared on.

3. **Appellate Practice :** AMENDMENT: DISCRETION OF TRIAL COURT. The statutes in relation to amendments are liberal ; and appellate courts will not interfere with the discretion of the trial courts, except in cases of manifest 'abuse ; especially where the amendment is immaterial, and the court offered to continue the cause, and the defendant elected to proceed.

4. **Trial Practice :** REPLY, WHEN FILED. ' There was no error in this case in permitting the plaintiff to file his reply after he had rested his case on the evidence.

5. **Master and Servant:** ACTION FOR DISCHARGE : PROCEDURE: DEFENSE: BURDEN OF PROOF. In an action for the unreasonable discharge of a servant, the plaintiff does not have to plead and prove his sobriety. Drunkenness is matter of defense, and the matter of establishing it is upon the defendant ; and the rule as to parties occupying confidential relations does not apply.

6. **Verdict :** SMALL FINDING PREJUDICIAL ERROR. The fact that the amount of the verdict might have been greater, under the evidence, is not prejudicial to the defendant in this case.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*F. V. Kander,* for appellant.

(1) When the discharge of a servant is justified on the grounds of his having been intoxicated, and evidence is produced tending to show intoxication during the hours of his service, evidence that others had seen him sober at other times during his hours of service is immaterial, either as evidence in chief or in rebuttal. *Suttie v. Aloe,* 39 Mo. App. 38-40 ; *Coale v. Railroad,* 60 Mo. 227-232 ; *Lester v. Railroad,* 60 Mo. 265 ; *Chambers v. Hill,* 34 Mich. 523. And that the error was prejudicial to the defense is clear. *Suttie v. Aloe,* 39 Mo. App. 38-40 ; *Clark v. Fairley,* 30 Mo. App. 335-340. (2) The contract admitted in evidence was not the one set out in the petition. Plaintiff cannot declare on one contract, and recover on another. *Sumner v. Rogers,*

Collins v, Glass.

90 Mo. 324; *Carson v. Cummings*, 69 Mo. 325; *Price v. Railroad*, 40 Mo. App. 189-195. (3) To permit a party in the midst of a trial to amend his pleadings by inserting a material allegation, and perhaps compel a continuance, without some evidence of mistake or inadvertence, would be at variance with both the spirit and the letter of the statute. *Machine Co. v. Philbrick*, 70 Mo. 646-648. (4) The answer set up a complete, affirmative defense, and no reply was filed; after the plaintiff had rested his case and defendant had asked for judgment on the pleadings, the court permitted respondent to file his reply and introduce evidence under it; there was no pretense, even, that the failure to file the reply was caused by accident or mistake. *Ennis v. Hohan*, 47 Mo. 513-515; *Rhine v. Montgomery*, 50 Mo. 566-568. (5) The court erred in ruling that the burden was not on the plaintiff to show his sobriety and competency. Plaintiff alleged and should have proved it. *Bogie v. Nolan*, 96 Mo. 95; *Clifton v. Sparks*, 25 Mo. App. 383-387; *Feurt v. Ambrose*, 34 Mo. App. 360-366. (6) The verdict was contrary to all the evidence. The evidence shows that the plaintiff was entitled to something over $300, if he was entitled to anything. *Brewery Co. v. Rodeman*, 12 Mo. App. 573; *Rottmann v. Pohlman*, 28 Mo. App. 399-407; Thompson on Trials, sec. 2606.

*I. J. Ringolsky*, for respondent.

(1) The condition of respondent as to sobriety was the only issue in this case, made both by the pleadings and the evidence, and it was clearly admissible to show by witnesses, some who saw respondent while on duty in the morning, others in the evening and others at night, the condition of respondent with reference to sobriety, competency and conduct toward those patronizing appellant's place of business. *Haynes v. Christian & Roberts*, 30 Mo. App. 193, 203; *Miller v.*

*Miller*, 14 Mo. App. 418-423; *O'Bryan v. O'Bryan*, 13 Mo. 16. If error at all in this case, the same was harmless. *Miller v. Miller, supra; McDermott v. Barnum & Moreland*, 19 Mo. 204-210. (2) In answer to the second point raised by appellant in his brief, that the contract admitted in evidence was not the one set out in the petition, we have only to say that the ruling of the court was in accordance with Revised Statutes, section 2096; *Wetzell v. Waggoner*, 41 Mo. App. 509-515. (3) The fact that the court permitted the plaintiff to amend his petition justifies the conclusion that the court found that here was valid reason for permitting the respondent to amend the same. Furthermore, the amendment was not necessary or material and was properly allowed. *Wetzell v. Waggoner*, 41 Mo. App. 509-515. (4) The appellant by going to trial, permitting a jury to be selected, allowing the respondent to introduce a long list of witnesses to establish the allegations of his petition, just as if a reply had been filed by the respondent, was sufficient ground for permitting the court to allow the respondent to file his reply after his evidence was all in and he had rested his case. *Henslee v. Cannefax*, 49 Mo. 295; *Meader v. Malcolm*, 78 Mo. 550; *Kirkwood v. Cairns*, 40 Mo. App. 631-634. (5) The burden of proof is on the appellant to show that he had good cause for discharging respondent. *Koenigkramer v. Glass Co.*, 24 Mo. App. 124; *Green v. Washburn*, 17 Allen (Mass.) 390; *Miller v. Boot & Shoe Co.*, 26 Mo. App. 57. (6) It was the province of the jury under the instructions given, not only on behalf of the respondent, but also on behalf of the appellant, to bring in any amount they thought all the evidence and circumstances justified. *Layson v. Wilson*, 37 Mo. App. 636-640; *Miller v. Boot & Shoe Co., supra; Stevens v. Crane*, 37 Mo. App. 487, 493; *Steinberg v. Gebhart*, 41 Mo. 519; *Nearns v. Harbert*, 25 Mo. 352; Thompson on Trials, sec. 2606, p. 1972.

SMITH, P. J.— Plaintiff sued defendant for damages. He alleged that he entered into a written contract with defendant whereby the latter agreed to employ him as bar-tender for one year at $70 per month, and that at the end of the third month he discharged him without good cause; that he was unable to obtain regular employment for the remainder of the term of his employment under his contract. The answer admitted plaintiff's service, and then alleged that defendant discharged plaintiff on account of incompetency caused by frequent intoxication, and because he was quarrelsome, unaccommodating and negligent in his duties. There was a trial and a judgment for plaintiff. The defendant appealed.

I. The defendant's appeal rests upon several grounds; the first of these is, that the court over the objection of the defendant allowed the plaintiff in rebuttal to show by witnesses that the plaintiff was sober at such times as they saw him. It was perfectly competent for plaintiff in making out his case to show generally that he faithfully discharged the duties of his employment. It would, however, be improper under the ruling in *Suttie v. Aloe*, 39 Mo. App. 38, for him to show in rebuttal that he was sober on the occasions when the witnesses so testifying saw him, were it not that the testimony of some of the defendant's witnesses was to the effect that plaintiff was drunk every night and pretty nearly every day. The evidence objected to negatived this. It was competent for that purpose. If the defendant's evidence had been limited to showing the plaintiff was drunk at specified times, of course, evidence in rebuttal showing him sober generally or at other times would have been improper. The answer charged that on account of plaintiff's frequent intoxication he was rendered incompetent to discharge his duty. The tendency of some of the defendant's evidence was to establish this charge. The effect of the

evidence complained of was to disprove this allegation, and to rebut the evidence by defendant in support of it.

II.   No material variance is pointed out, nor is any perceived, between the contract stated in plaintiff's petition and that introduced in evidence.   The rule invoked, that the plaintiff could not recover on a contract other than that declared on, can have no application here. The suit was to recover wages due under the contract.

III.   The defendant complains of the action of the court in permitting the plaintiff during the progress of the trial to amend his petition.   The amendment was immaterial and unnecessary.   The allegations of the petition were quite sufficient without the amendment. Besides, the statutes in relation to amendment are liberal.   The appellate courts are not disposed to interfere with the trial courts in the exercise of their statutory discretion except where there has been manifest abuse of that discretion.   When before final judgment, an amendment of the petition is asked in order that plaintiff may have such redress as the proof may show him entitled, it is no abuse of the discretion given the court to permit it.   *Carr v. Hoss,* 37 Mo. 447 ; *McMurry v. Martin,* 26 Mo. App. 457.   Of course, the statute of amendments must not be construed so as to encourage negligence in pleading.   In view of the fact that the amendment was unimportant and of the further fact that the court offered to continue the cause when it permitted the amendment and of the election of the defendant to proceed with the trial, we can discover no ground of complaint that can be based on the action of the court in that regard.

IV.   There was no error in permitting the plaintiff to reply to the answer after the plaintiff had rested his case on the evidence.   This was justified by the provisions of the statute authorizing amendment to be made in furtherance of justice.   R. S., sec. 3567 ; *Trans. Co. v. Sims,* 36 Mo. App. 224.   It was a matter

in the discretion of the court with the exercise of which we will not interfere unless it appears there was some abuse of that discretion which we cannot see is the case.

V.   The plaintiff alleged in his petition that he was upright, honest, and faithfully performed all his duties while in the active employment of defendant. To make out his *prima facie* case it was as unnecessary for him to plead and prove his sobriety as it would be in an action for personal injuries grounded on the negligence of the defendant for him to plead and prove that the injuries were done to him without any fault on his part. *Hudson v. Railroad*, 101 Mo. 13.   The defense was that defendant was so frequently intoxicated as to render him incapable of performing the duties of his employment and the burden of establishing this defense was properly ruled on the defendant.

There is a class of cases of which *Bogie v. Nolan*, 96 Mo. 85 and *Feurt v. Ambrose*, 34 Mo. App. 361, are types, where, on account of the confidential relation of the parties to the contract, the burden is cast upon the party in whom the confidence is imposed to prove it was not procured by means of such confidence.

The cases just cited can, therefore, have no application to a case of this kind.   Nor does the case of *Clifton v. Sparks*, 25 Mo. App. 383, lend any support to the defendant's contention.

VI.   It is true the jury under the evidence might have found for the plaintiff a greater amount than they did, still we cannot say that the finding of the less amount was prejudicial to defendant or was such a flagrant disregard of the evidence and instructions as would warrant us in vacating it upon the complaint of the defendant.   We are commanded by the statute not to reverse the judgment of any court, unless we believe error was committed against the appellant materially affecting the merits of the action.

It follows that the judgment of the circuit court must be affirmed.   All concur.