## LEWIS, Respondent, v. MUSE, Appellant.

St. Louis Court of Appeals, March 17, 1908.

1. **EVIDENCE: Parol Evidence to Vary Written Contract: Lease.** Where a lease was given for a certain tract of land, saying nothing about the number of acres, for a stipulated sum, the lessee, when sued for the rent, could not show in support of a counterclaim that the number of acres was represented by the lessor to be more than he actually got; this would be engrafting an additional verbal stipulation upon the writing which purported to contain the entire agreement of the parties.

2. **SALES: Warranty: Misrepresentations as to Quantity: Money Had and Received.** Where a party bought and paid for some fields of corn at a given price per acre, and the seller represented that there were more acres in the fields than were actually there, the purchaser being unfamiliar with the acreage of the land and the seller being familiar with it, the purchaser could recover the amount paid in excess of what he should have paid for the acres received, in an action for money had and received.

3. **PRACTICE: Findings of Fact.** Where a judgment is entered with a mere recital of the findings of fact without any request from either party to make a finding, the rulings of the court on the declarations of law presented must be treated as material notwithstanding the provisions of section 695, Revised Statutes 1899.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*Livingston & Livingston* for appellant.

Whether plaintiff willfully or ignorantly misrepresented the number of acres he was selling to appellant is wholly immaterial. The amount in either case may be recovered back in an action at law in the nature of an action for money had and received. 1 Beach, Modern Law of Contract, sec. 660, and cases cited; Budd v. Eyerman, 10 Mo. App. 437; Ashley v. Jennings, 48 Mo. App. 142; Davis v. Krum, 12 Mo. App. 279; Yater v. Hinds, 24 Mo. App. 619.

*Morrow & Wayland* for respondent.

Parol evidence is inadmissible to vary the written contract. Hobein v. Frick, 69 Mo. App. 263; Morgan v. Porter, 103 Mo. 140. Where parties are on an equal footing—where the means of personal examination or inquiry are at hand or conveniently near, neither should rely on the statements of the other. Bishop v. Seal, 87 Mo. App. 256; 20 Cyc. 49, and authorities cited. Where

a vendee is acquainted with the land purchased and was over it at the time of the trade, with opportunity to measure the same, he cannot be heard to charge the vendor with fraud or mistake in misrepresenting the number of acres it contained. Mires v. Summerville, 85 Mo. App. 183; Wightman v. Tucker, 50 Ill. App. 75.

GOODE, J.—This action was instituted on a promissory note dated September 1, 1904, by which defendant promised to pay on July 1, 1906, to the order of plaintiff, $150 with interest at the rate of eight per cent per annum. The execution of the note was admitted and in defense it was alleged that on August 30, 1904, defendant rented from plaintiff a farm in Howell county represented by plaintiff to contain two hundred acres of land in cultivation, on which representation defendant relied and agreed to pay $1.50 an acre cash rent for the premises or $300 in all; that defendant paid half said rent, or $150, at the time of the contract and executed the note in suit for the other half. It is charged the representation regarding the quantity of land in cultivation was false, as in truth only 140 acres were in cultivation and there was no consideration for the rent for the deficiency of sixty acres. Hence defendant prayed to recover by way of counterclaim the sum of $90, or $1.50 an acre for the shortage. For another counterclaim defendant stated that on said August 31, 1904, he purchased of plaintiff 54 acres of corn standing in the field, raised and entirely owned by plaintiff, and plaintiff's one-third of forty acres of corn raised on his premises by his tenant Shaver and plaintiff's one-third of forty acres of corn raised on his premises by his tenant George Ball. It was alleged defendant agreed to pay and did pay $7 an acre for plaintiff's interest in these three lots of standing corn; that plaintiff represented there were fifty-four acres of corn owned ex-

clusively by himself, and forty acres in the field of
which he owned a third interest and Shaver the re-
mainder, and forty acres in the field of which he owned
a third and Ball the remainder; that instead of said
quantities of corn being in said tracts, there were only
about forty instead of fifty-four acres, or a shortage of
fourteen acres in the field owned by plaintiff exclu-
sively, and only about twenty-six acres instead of forty
in the Shaver tract, or a shortage of fourteen acres; and
only about twenty-five acres in the Ball tract, or a
shortage of fifteen acres; that in consequence of the
misrepresentation defendant paid plaintiff an excess of
$217 for the corn; in other words, paid for thirty-one
acres of corn which he did not get. We have been
unable to make the figures regarding the three deficien-
cies alleged in the answer or those testified to by plain-
tiff, tally exactly with the counterclaim demanded, but
nevertheless the testimony tended to prove defendant
had paid for more corn than he received. The testimony
for defendant proved, too, that plaintiff made the al-
leged representation regarding the quantity of corn in
the three tracts and defendant bought and paid for the
corn according to plaintiff's statement. Defendant
lived in another part of the country and was unfamiliar
with the farm and relied on what plaintiff said. He
paid in all for the corn standing on the three tracts
$569; that is to say, $469 for the fifty-four acres raised
by plaintiff himself and one-third of the forty acres
raised by Shaver, or 13 1-3 acres. The two tracts were
stated to contain sixty-seven acres more or less and
defendant paid $7 an acre or $469. He paid $100 for
one-third of the Ball tract. Defendant testified, and
the testimony of other witnesses went to prove, the sale
was $7 by the acre. Plaintiff, on the other hand, gave
testimony conducing to prove his utterances about the
acreage in the different fields were merely expressions
of opinion and that he took defendant through the

fields and sold him the corn by lot and not by the acre. On this question the defendant requested three declarations of law, the purport of which was that if the court found from the evidence plaintiff represented to defendant there were a certain number of acres of corn in each tract, and defendant relied on these representations and agreed to pay $7 an acre for the corn and did pay at this rate, when in fact plaintiff had not the number of acres represented, then defendant was entitled to recover on his counterclaim, an amount equal to the total price of the acreage not received, at $7 an acre. The court refused these declarations of law. It will be observed that the note in suit arose not out of the transaction regarding the sale of the corn, but out of the renting of the farm. This was done by a writing entered into in August, 1904. The writing merely recited that plaintiff rented or leased to defendant the lands composing the farm, describing them, in consideration of the sum of $300; $150 to be paid in cash, the receipt of which was acknowledged, and the remaining $150 to be evidenced by a promissory note. These are the material parts of the lease. Defendant swore plaintiff represented there were two hundred acres of land in cultivation and that in reliance on said representation defendant agreed to pay $300 rent. He paid $150 down and gave his note for the remainder. It turned out there were only 140 acres in cultivation. Plaintiff said he heard nothing of any difference between him and the defendant growing out of the transaction until after plaintiff had trouble with his wife, who sued him for a divorce. Afterwards his wife withdrew the suit and returned to him, and in February or March, 1905, it seems, plaintiff asked defendant for some money on the note, though it was not then due. Plaintiff gave as a reason for his request an intention to buy some land. Defendant then asserted there was a shortage in the number of acres in cultivation. On

this issue of fact, defendant requested the court to declare that if plaintiff represented he had two hundred acres of land in cultivation and defendant agreed to pay him $1.50 an acre therefor, relying on the representation, and the court found there was a less quantity of land in cultivation than was represented, defendant was entitled to recover the difference between the $300 agreed to be paid for the two hundred acres and the product of the number of acres actually in cultivation at $1.50 an acre. This declaration was refused. No special finding of facts was requested by either party, but in giving judgment for the plaintiff the court recited there was no fraud, accident or mistake in the execution of the note, or the execution of the contract for the sale of the corn, or in the contract for the renting of the farm. It found further the basis of the contract for the sale of the corn was not by the acre, but in bulk, and defendant had no legal or equitable defense, counterclaim or set off against plaintiff's cause of action, but was indebted to plaintiff on the promissory note in suit; wherefore it was adjudged plaintiff recover the principal and interest due on the note amounting to $152 and defendant take nothing by way of counterclaim or set off.

It will be observed that in the counterclaim for the alleged deficiency in the number of acres of land in cultivation, defendant seeks to vary the written lease and engraft a new stipulation on it. The writing recited plaintiff had leased to defendant certain lands in Howell county for the year 1905, saying nothing about the number of acres or that the farm was leased by the acre. The consideration was recited to be $300, $150 cash and a promissory note for the remainder. If defendant was led into this contract by fraud he might have rescinded it had he taken steps to rescind in a reasonable time. But he did not. He retained the land during the period of the lease, and now seeks to evade

paying rent by setting up a misrepresentation. It is not charged there was any fraud on the part of plaintiff; but if he was induced to act by a false representation on which he had a right to rely, he might have rescinded by taking timely steps even if the representation was not fraudulently made. [Melton v. Smith, 65 Mo. 315; ·Hart v. Handlin, 43 Mo. 171; Culbertson v. Young, 86 Mo. App. 277.] But he took no step to rescind nor does he now ask a rescission. What he asks is damages on his counterclaim in consequence of a misrepresentation, not alleged, as said, to have been fraudulently made. This might be another reason for refusing to allow the counterclaim at law; but a sufficient reason is that it seeks in the form of a legal action, to recover for the breach of a verbal stipulation when the contract itself was written and was expressed to embody the entire understanding of the parties. In this regard the present case is similar to Tracy v. Iron Works Co., 104 Mo. 193, wherein a counterclaim for breach of a verbal stipulation between a lessor and a lessee was rejected because the lease was in writing. The court did not err in refusing the declaration of law requested on this counterclaim.

The counterclaim for money had and received in consequence of defendant having paid for more corn in the fields than was delivered to him, stands on a different footing. According to his testimony, and he was corroborated well by other witnesses, he bought so many acres of corn at $7 an acre, and there was a large deficiency in the number of acres turned over to him. Beyond question money paid in excess on such a contract, when the purchaser relied on the representation of the seller as to the quantity of the article sold, and might, in reason, rely on .it, can.be recovered back in an action for money had and received. If defendant swore truly, he relied entirely on plaintiff's statement as to the number of acres of corn. He was unfamiliar with

the acreage of the land and plaintiff was familiar with it as the owner. Hence defendant cannot be charged with lack of ordinary prudence, nor can knowledge be imputed to him because by proper diligence, he would have obtained it. [Brownlee v. Hewitt, 1 Mo. App. 360; Arthur v. Mfg. Co., 12 Mo. App. 335.] In cases like this one the representation of quantity is treated as an implied warranty, for a breach of which damages are recoverable. [15 Am. and Eng. Ency. Law, 1214; Rommell v. Wingate, 103 Mass. 327; Railroad v. Lent, 63 Ill. 288; Smith v. Lewis, 40 Ind. 99; Ostman v. Green, 26 Mich. 209; Clifton v. Groves, 82 Mo. 115.] This is true even when the failure is partial, if the consideration is susceptible of apportionment; that is to say, if the part for which the consideration failed, can be divided from the entire sum paid and the purchaser reimbursed without injustice. [3 Paige, Cont., 1473, 1476; 1 Parsons, Cont. (9 Ed.), 500.] In the present case if the sale was $7 an acre and there were fewer acres than plaintiff said, there will be no difficulty in apportioning the purchase money so as to reimburse defendant. We are, therefore; of the opinion the court erred in refusing the declarations of law requested on this counterclaim. The action for money had and received is the proper remedy to recover such a deficiency. [3 Paige, Contracts, 1476; 1 Parsons, supra.]

It has not been contended the finding of facts by the court would render its error in passing on the declarations of law immaterial. Perhaps this might be the consequence of the findings if they had been requested by either party, and hence had been made in conformity to section 695 of the Revised Statutes of 1899. There have been contrary rulings on the question of whether findings under this section render declarations of law unnecessary; as will be seen by reading these cases. Kostuba v. Miller, 137 Mo. 161, 38 S. W. 946; Sutter v. Raeder, 149 Mo. 297, 50 S. W. 813; and Insurance Co.

v. Tribble, 86 Mo. App. 564. In the present case the court merely recited in an ordinary judgment at law certain findings of fact without a request from either party and in such an instance we think there is no doubt the rulings on the declarations of law must be treated as material.

The judgment is reversed and the cause remanded. All concur.